TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-01-00349-CR







Glenn Tony Birdsong II, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 51,732, HONORABLE JOE CARROLL, JUDGE PRESIDING







 Appellant Glenn Tony Birdsong II pleaded guilty to two charges of unauthorized use
of a vehicle. See Tex. Pen. Code Ann. § 31.07 (West 1994). Following a hearing, the district court
assessed punishment at two years in state jail. See id. § 12.35. Appellant challenges his sentence
by one point of error, contending that the district court erred in allowing the State to call him to
testify during the punishment phase of his trial. We will affirm the district court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND

 The State indicted appellant on two charges of unauthorized use of a vehicle. There
were no injuries involved in the events giving rise to the indictments, although the unauthorized use
of one of the vehicles resulted in approximately $19,000 in property damage. Appellant pleaded
guilty to both charges but did not enter into a plea-bargain agreement with the State. Appellant
judicially confessed, waiving his right against self-incrimination with respect to his guilt. (1) After the
district court accepted the guilty plea, the court scheduled a punishment hearing and ordered a
presentence investigation report ("PSI").

 At the sentencing hearing, the following colloquy occurred: 


The Court: All right. Do you understand what's going on here today? You have
been admonished about your situation before, right?


The Defendant: Thank you, sir.


The Court: All right, sir. If you have a seat, I will read your presentence
investigation report and see what it has to say about you, sir. 


The Defendant: Thank you, sir.



(The PSI disclosed, inter alia, that appellant had served forty-five days in jail in North Carolina for
possession of stolen goods and had been dishonorably discharged from the United States Marine
Corps due to a conviction for larceny.) 


The Court: All right. (Indicating). All right, ladies and gentlemen, I have read this
report. Do you have anything else you would like to present for the State, Mr.
Gillette?


Mr. Gillette: We would like to call the defendant, Judge.


The Court: All right. Mr. Birdsong.


The Defendant: Yes, sir.


The Court: Come on up and have a seat.


(The Defendant was sworn.)


The Defendant: I do, sir.


The Court: Please have a seat.


The Defendant: Thank you.



The State called appellant to the stand without objection and proceeded to question appellant
regarding the charged offenses and his prior criminal history. Appellant, again without objection,
answered all the questions. After the State rested, appellant's counsel cross-examined appellant
regarding his potential behavior and activities should he receive probation, including the importance
and burden of paying restitution. 

 The State asked the court to "stack" punishment for each charge and requested the
maximum sentence (two years in state jail) for each conviction. Appellant requested probation. The
district court assessed the maximum punishment for each conviction, but ordered the sentences to
run concurrently. Appellant's punishment was thus a total of two years. The court noted that
appellant had been "stealing and stealing and stealing and stealing and stealing" and warned him of
the increased consequences should he steal again. 

 By his sole point of error, appellant argues that it was error for the State to call him
to testify against himself at the punishment hearing. 


DISCUSSION


Nature of the Error

 Appellant complains that the State's calling him to testify against himself at his
punishment hearing violated the Fifth Amendment to the United States Constitution, (2) and article I,
section 10 of the Texas Constitution. (3) These provisions prohibit compelling a defendant to testify
against himself in a criminal proceeding. Brown v. State, 617 S.W.2d 234, 236 (Tex. Crim. App.
1981); see also Henderson v. State, 13 S.W.3d 107, 109 (Tex. App.--Texarkana 2000, no pet.)
("While no Texas court has addressed this specific issue, it is clear that calling [the defendant] to the
stand, during the State's case in chief, is a violation of his right not to be compelled to testify against
himself."). The State does not dispute that it was error to call appellant to the stand, but argues that
we may not address the error because it was not preserved at trial. (4) 


Preservation of Error 

 Appellant did not object to being called to the witness stand by the prosecutor, nor
did he in any other way raise the issue to the district court. A general prerequisite to presenting a
complaint on appeal is that the record must show the complaint was presented to the trial court and
pursued to an adverse ruling. Tex. R. App. P. 33.1. Although appellant did not preserve his alleged
error, Texas law also provides that a limited class of errors may be presented for the first time on
appeal. See Marin v. State, 851 S.W.2d 275, 278-79 (Tex. Crim. App. 1993), overruled on other
grounds, Cain v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). (5)

 Marin recognizes and refers to three categories of rights. "Absolute rights" are not
optional, cannot be waived or forfeited by the defendant, and include such issues as jurisdiction and
due process. Id. at 279-80. "Waivable rights" are those that may only be surrendered by affirmative,
plain, free, and intelligent waiver. A court has an independent duty to implement these rights unless
expressly waived. Id. Finally, there are "forfeitable rights," which must be requested by the
defendant, and include most procedural and evidentiary issues and many constitutional rights. Id.
at 278-79. (6)

 Rule 33.1's requirement of preservation of error does not apply to rights falling within
the first two categories. See Marin, 851 S.W.2d at 279-80 (citing predecessor to Rule 33.1).
Therefore, as appellant's asserted error was not preserved, we may address his issue only if we first
determine that the error falls within either the "absolute" or "waivable" class of rights.

 A defendant's right not to testify may be waived only if the defendant's waiver is
knowing, intelligent, and voluntary. Brown, 617 S.W.2d at 236. The right may be waived when the
defendant voluntarily takes the stand. Brumfield v. State, 445 S.W.2d 732, 735 (Tex. Crim. App.
1969). And the right may also be waived when the defendant pleads guilty or confesses to the crime
for which he is charged so long as he is expressly warned that the admission waives his right to
silence. See Tex. Code Crim. Proc. Ann. art. 38.22, § 2(a) (West 1979). 

 Until recently, a guilty plea could waive the right to silence for both guilt and
punishment purposes. See Carroll v. State, 975 S.W.2d 630, 632 (Tex. Crim. App. 1998) (Carroll
II), overruled by Carroll v. State, 42 S.W.3d 129 (Tex. Crim. App. 2001) (Carroll V). However, in
1999 the U.S. Supreme Court held that waiving the right to silence by entering a guilty plea does not
waive the right at the punishment phase of trial. Mitchell v. United States, 526 U.S. 314, 325 (1999);
see also Carroll V, 42 S.W.3d at 132.


The issue of whether the right to silence continued at sentencing after a waiver of that
right during the guilt phase was unsettled at the time of appellant's plea. Thus,
appellant was explicitly warned about a waiver of the long-standing right to silence
at the guilt phase, but was not given a similar specific warning regarding a right to
silence at sentencing. Indeed, she was told by the trial court that she did not have
such a right. After Mitchell, we cannot conclude that the facts presented here show
that appellant knowingly, voluntarily, and intelligently waived her federal
constitutional right against self-incrimination at sentencing.



Carroll V at 133. (7)


 Although a defendant's voluntarily taking the witness stand may waive his right to
be free from self-incrimination, Brumfield, 445 S.W.2d at 735, here it was the State that called
appellant as a witness at his punishment hearing. At the threshold, this would appear to be error:
"The proposition that a criminal defendant cannot be compelled to take the witness stand . . . and
give evidence against himself is so well understood that it requires no citation of authority to support
it." Brown, 617 S.W.2d at 236; see also Henderson, 13 S.W.3d at 110; 1 Charles Tilford
McCormick, McCormick on Evidence 460 (John W. Strong, et al. eds., 5th ed. 1999) ("A criminal
accused ordinarily need not affirmatively 'invoke' his privilege, as he is even entitled not to be called
as a witness at all."); 8 John Henry Wigmore, Wigmore on Evidence § 2268 (McNaughton rev. 1961)
(Observing that, arguably, prosecution could call accused to be sworn because "it could not be
known beforehand whether he would exercise his privilege. But no court has sanctioned this
application of the principle. The contrary is universally held."). The State admits its error, but
argues that appellant waived his right to not testify. Indeed, we note that the right is waivable "if
done knowingly, voluntarily and intelligently." Brown, 617 S.W.2d at 236.

 The salient issue is whether the record before us, when viewed in its entirety, satisfies
this Court that appellant's punishment-hearing testimony was given knowingly, voluntarily, and
intelligently. We conclude that it does. At the time the State called appellant to testify, he was
represented by counsel, who was present at the proceeding. Counsel neither objected to the State's
calling appellant as a witness nor to any question the State asked of appellant. Appellant answered
each question openly, freely, and without hesitation. Appellant's own counsel then cross-examined
him extensively, eliciting testimony concerning appellant's desire to receive a probated sentence, his
willingness to write letters of apology to the victims of his crimes and to pay restitution to them, that
there was no reason why appellant should continue to be incarcerated, and that appellant thought that
he had employment waiting for him when he was released. In argument, appellant's counsel
informed the district court that appellant confirmed that the PSI was correct, that he was voluntarily
paying child support without a court order for his child in North Carolina, that he could live with his
father in Nolanville if released, and that the court should grant "deferred prosecution." Appellant
does not assert, nor does the record contain any evidence, that either the cross-examination or
argument of appellant's counsel was compelled by the State's action in calling appellant as a witness. 
See Leday v. State, 983 S.W.2d 713, 718-19 (Tex. Crim. App. 1998) (holding that defendant's
testimony which is "impelled by State's introduction of evidence that was obtained in violation of
law" does not constitute waiver of prior objection). The State was seeking consecutive two-year
sentences. There was no plea-bargain agreement with the State. This record clearly reflects a
punishment-hearing strategy of seeking the district court's leniency. In the face of the PSI, appellant
had no choice but to testify on his own behalf. The district court in fact assessed punishment time
to be served at half that requested by the State. By our decision, we do not condone the State's
calling appellant to testify but hold, given the totality of the circumstances presented by the record,
that appellant was not compelled to testify, but did so voluntarily, thereby waiving his right to not
testify.


CONCLUSION

 It was error for the State to call appellant as a witness at his punishment hearing. 
Although appellant did not preserve his complaint to the State's action in the district court, he was
not required to do so, because the right not to testify is a waivable right. Appellant knowingly,
intelligently, and voluntarily waived this right. Accordingly, we affirm the district court's judgment.



 

 Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson 

Affirmed

Filed: May 9, 2002

Publish
1. Appellant signed a "Waiver of Jury And Agreement To Stipulate Upon A Plea of Guilt,"
which stated, "I understand my right to remain silent and make no statement and I understand that
any statement I make may be used as evidence against me. Understanding these rights, I voluntarily
give up and abandon my right to remain silent . . . ."
2. The Fifth Amendment provides that "no person . . . shall be compelled in any criminal case to
witness against himself." U.S. Const. amend. V.
3. The Texas Constitution provides that a criminal defendant "shall not be compelled to give
evidence against himself." Tex. Const. art. I, § 10.
4. In its brief, the State asserts that "[h]ad the Appellant objected, the trial court would have
sustained the objection given its fundamental nature. The error could easily have been prevented by
Appellant's action. The Appellant's act of testifying without objection when represented by counsel
indicates a waiver of the right. The State also argues that if appellant had asserted his right not to
testify, "no doubt the trial court would have sustained it . . . . While the alleged error is apparent on
the face of the record, there is every reason to apply the rules of procedural default. The Appellant
did not preserve this matter for review."
5. We cite Marin in this manner because the court of criminal appeals does so. See, e.g., Blue v.
State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000). The issue in Cain was whether the trial court's
failure to admonish a defendant "about the deportation consequences to a noncitizen of a guilty plea
when the record reflects that [the defendant] is in fact a United States citizen" is subject to harmless-error analysis. Cain v. State, 947 S.W.2d 262, 263 (Tex. Crim. App. 1997). The court applied the
test and held the trial court's failure to admonish harmless. In so holding, the court observed: "To
the extent that Marin, Morales [v. State, 872 S.W.2d 753 (Tex. Crim. App. 1994)], Whitten [v. State,
587 S.W.2d 156 (Tex. Crim. App. 1979)], and any other decision conflicts with the present opinion,
they are overruled." Cain, 947 S.W.2d at 264. Cain left Marin's classification of rights undisturbed.
6. See also Blue, 41 S.W.3d at 136 (Keasler, J., concurring).
7. The five Carroll cases bracket the United States Supreme Court's decision in Mitchell v.
United States, 526 U.S. 314 (1999). After a non-negotiated plea of guilty, Carroll signed a document
wherein she waived her right not to incriminate herself and agreed to be called as a witness. The trial
court accepted her plea and, after receiving a presentence report, assessed punishment. Carroll
appealed the punishment, alleging that the trial court erred by coercing her to testify at the sentencing
hearing. The court of appeals reversed and remanded for a new sentencing hearing. Carroll v. State,
946 S.W.2d 879 (Tex. App.--Fort Worth 1997) (Carroll I). The court of criminal appeals reversed
the judgment of the court of appeals and remanded the case to that court. Carroll v. State, 975
S.W.2d 630 (Tex. Crim. App. 1998) (Carroll II) ("[W]e hold that [Carroll's] written waiver of her
Fifth Amendment right not to self-incriminate applied to the entire criminal adjudication proceeding
including the assessment of punishment."). However, the Supreme Court soon held that a criminal
defendant retains the Fifth Amendment right to remain silent at a sentencing proceeding, even after
a plea of guilty. Mitchell, 526 U.S. at 325. Based on Mitchell, the court of appeals first reversed and
remanded for a new sentencing proceeding, Carroll v. State, 999 S.W.2d 630 (Tex. App.--Fort
Worth 1999) (Carroll III), but later withdrew its opinion and affirmed Carroll's sentence. Carroll
v. State, 12 S.W.3d 92 (Tex. App.--Fort Worth 1999) (Carroll IV). The court of criminal appeals
reversed, holding that a separate waiver is required at a punishment hearing. Carroll v. State, 42
S.W.3d 129, 133 (Tex. Crim. App. 2001) (Carroll V).