**Nelrie Byrd CARROLL, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–95–467–CR, 2–95–468–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 31, 1999.

---

Ronald Aultman, Fort Worth, Matthew Carnes Waddell, Grapevine, Michael Lyn Gregory, Fort Worth, for Appellant.

Tim Curry, District Attorney, Charles Mallin, Sylvia Mandel, Terry Barlow, and Bill Durkin, Assistant District Attorneys, Fort Worth, for Appellee.

Panel B: DAY, DAUPHINOT, and RICHARDS, JJ.

## OPINION ON REMAND

DAVID RICHARDS, Justice.

In compliance with the Texas Court of Criminal Appeals' general order remanding these cases, we revisit the question of whether the trial court erred when it required appellant to testify against her will at the sentencing portion of her guilty plea hearing.

On original submission, we held that appellant did not waive her Fifth Amendment right against self-incrimination at the sentencing portion of her guilty plea hearing when she testified in support of her pleas of guilty at the guilt-innocence portion of the proceeding. After determining

the testimony she provided at the punishment portion of the proceeding was coerced, and because the record reflected the trial judge considered her testimony in rejecting her applications for probation,[1] we reversed the lower court and remanded the cases for new sentencing hearings. *Carroll v. State,* 946 S.W.2d 879, 884–85 (Tex.App.—Fort Worth 1997).

Our decision was then reversed by the Court of Criminal Appeals, whose holding may be summarized as follows: (1) because appellant waived her right against self-incrimination before her testimony at the guilt-innocence portion of the hearing, she waived her right to remain silent at sentencing;[2] and (2) because the sentencing portion of guilty plea hearings in Texas are not deemed separate from the plea portions of such hearings, the proceedings are unitary in nature in the sense that "once the guilty plea is entered, the procedure becomes a 'unitary trial' to determine the remaining issue of punishment." *Carroll v. State,* 975 S.W.2d 630, 631 (Tex. Crim.App.1998).

As a lower appellate court, we are cognizant of our duty to follow the directives of higher courts and, were it not for an intervening United States Supreme Court decision, we could quickly dispose of the issue, reject appellant's claim, and affirm the trial court's judgments and sentences. However, in *Mitchell v. United States,* 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999), the Supreme Court decided analogous issues against the government in an opinion decided in conflict with the Texas Court of Criminal Appeals' opinion in this case.

The facts in *Mitchell* are very similar to ours. Amanda Mitchell was accused in federal court of the offense of conspiracy to distribute cocaine. *Id.* at ——, 119 S.Ct. at 1309. Without benefit of a plea agreement she entered a plea of guilty and testified in support of her plea. *See id.* at ——, 119 S.Ct. at 1310. At the sentencing portion of the proceeding, the district court found that, as a consequence of her guilty plea, Mitchell had no right to refuse to testify at sentencing. *Id.* When she refused to testify, claiming a Fifth Amendment privilege, the district court made an adverse inference from her silence. *Id.* The government advanced two arguments in the Supreme Court in support of its contention that no privilege existed: (1) because Mitchell waived her right against self-incrimination before her testimony at the guilty plea portion of the hearing, she waived her right to remain silent at sentencing; and (2) because the sentencing portion of the hearing was part of the same proceeding as the Federal Rule 11 guilty plea hearing—an implicit claim that the proceedings are unitary in nature—she had no privilege given her earlier testimony. *Id.* at ——, 119 S.Ct. at 1311, 1313.

The Supreme Court rejected both arguments. With respect to the former contention, the Court ruled that as long as a defendant has not been sentenced, the privilege remains intact, regardless of whether the defendant testified in support of the plea:

> We reject the position that either petitioner's guilty plea or her statements at the plea colloquy functioned as a waiver of her right to remain silent at sentencing.
>
> . . . .

1. In refusing to probate appellant's sentences, the trial judge stated that he believed appellant lied during her testimony at the sentencing portion of the proceeding: "I don't think you can meet [the conditions of] probation either, because you lied here. You lied to me."

2. The Court of Criminal Appeals attached no significance in the fact that the terms of appellant's written waiver applied only to the issue of her guilt, not punishment: "I waive my right not to incriminate myself, agree to testify if called as a witness and judicially confess under oath that each and every allegation contained in the indictment or information which is not waived by the State is true and I am guilty of the offense as charged."

The centerpiece of the Third Circuit's opinion is the idea that the entry of the guilty plea completes the incrimination of the defendant, thus extinguishing the privilege. Where a sentence has yet to be imposed, however, this Court has already rejected the proposition that "incrimination is complete once guilt has been adjudicated," *Estelle v. Smith,* 451 U.S. 454, 462 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), and we reject it again today.

... [A supplement to Wigmore's treatise] states the proper rule that, "[a]lthough the witness has pleaded guilty to a crime charged but has not been sentenced, his constitutional privilege remains unimpaired." J. Wigmore, Evidence § 2279, p. 991, n.1 (A. Best ed. Supp.1998).

It is true, as a general rule, that where there can be no further incrimination, there is no basis for the assertion of the privilege. We conclude that principle applies to cases in which the sentence has been fixed and the judgment of conviction has become final. See, *e.g., Reina v. United States,* 364 U.S. 507, 513, 81 S.Ct. 260, 5 L.Ed.2d 249 (1960). If no adverse consequences can be visited upon the convicted person by reason of further testimony, then there is no further incrimination to be feared.

Where the sentence has not yet been imposed a defendant may have a legitimate fear of adverse consequences from further testimony. As the Court stated in *Estelle:* "Any effort by the State to compel [the defendant] to testify against his will at the sentencing hearing clearly would contravene the Fifth Amendment." 451 U.S., at 463, 101 S.Ct. 1866. *Estelle* was a capital case, but we find no reason not to apply the principle to noncapital sentencing hearings as well. "The essence of this basic constitutional principle is 'the requirement that the State which proposes to convict *and*

*punish* an individual produce the evidence against him by the independent labor of its officers, not by the simple, cruel expedient of forcing it from his own lips.'" *Id.,* at 462, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (emphasis in original) (quoting *Culombe v. Connecticut,* 367 U.S. 568, 581–582, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961))....

The Fifth Amendment by its terms prevents a person from being "compelled in any criminal case to be a witness against himself." U.S. Const., Amdt. 5. To maintain that sentencing proceedings are not part of "any criminal case" is contrary to the law and to common sense. As to the law, under the Federal Rules of Criminal Procedure, a court must impose sentence before a judgment of conviction can issue. See Rule 32(d)(1)[ [3] ] ("A judgment of conviction must set forth the plea ... and the sentence"); cf. *Mempa v. Rhay,* 389 U.S. 128, 134, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). As to common sense, it appears that in this case, as is often true in the criminal justice system, the defendant was less concerned with the proof of her guilt or innocence than with the severity of her punishment. Petitioner faced imprisonment from one year upwards to life, depending on the circumstances of the crime. To say that she had·no right to remain silent but instead could be compelled to cooperate in the deprivation of her liberty would ignore the Fifth Amendment privilege at the precise stage where, from her point of view, it was most important.

*Mitchell,* 526 U.S. at ——, 119 S.Ct. at 1313–14.

Although appellant's plea was taken subject to state procedural rules rather than Federal Rule 11, as in *Mitchell,* this fact does not sway our disposition of this case. Under Federal Rule 11, the trial court is required to admonish the defendant and

---

**3.** Texas law similarly requires that the written judgment in a criminal case reflect, among other things, "[t]he term of sentence." Tex.

Code Crim. Proc. Ann. art. 42.01, § 1(15) (Vernon Supp.1999).

*determine that he understands* he is giving up "the right to be tried by a jury and at that trial ... the right against compelled self-incrimination." FED R.CRIM. P. 11(c). The Supreme Court in *Mitchell* observed that the purpose of Rule 11 is "to inform the defendant of what she loses by forgoing the trial, not to elicit a waiver of the privilege for proceedings still to follow. A waiver of a right to trial ... is not a waiver of the privileges which exist beyond the confines of the trial." *Mitchell*, 526 U.S. at ——, 119 S.Ct. at 1313.

■ Article 26.13 of the Texas Code of Criminal Procedure, which provides for statutory admonishments in connection with a plea of guilty, does not require the same express admonishment that the defendant is surrendering his right to a jury and right against self-incrimination. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon 1989 & Supp.1999). However, both the federal and state rules serve the same principal purpose—to ensure that a criminal defendant is afforded at least the minimal protections provided under the Fifth Amendment, that a plea of guilty be voluntary and intelligently made. *Compare* FED R.CRIM. P. 11 *with* TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon 1989 & Supp. 1999). Moreover, like Rule 11, article 26.13 does impose on the trial court a duty to inquire whether a guilty plea is voluntary if it appears that it is not voluntary. *Compare* Fed.R.Crim.P. 11(c) *with* TEX. CODE CRIM. PROC. ANN. art. 26.13(b) (Vernon 1989). And, like Rule 11, it imposes a duty on the court to go beyond the facial requirements of the statute if the defendant affirmatively shows that he was not aware of the consequences of his plea. *Compare* Fed.R.Crim.P. 11(d) *with* TEX.CODE CRIM. PROC. ANN. art. 26.13(c) (Vernon 1989). Finally, a criminal defendant may effectively waive his right against self-incrimination. *See Brumfield v. State*, 445 S.W.2d 732,

735 (Tex.Crim.App.1969). However, without the protections flowing from adequate warning, that waiver is meaningless. *Cf. Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We do not construe the Fifth Amendment to provide less protection to a criminal defendant pleading guilty under state procedural rules than a defendant pleading guilty under Federal Rule 11. *See* U.S. CONST. amend. XIV, § 1.

■ Unlike the Rule 11 waiver construed in *Mitchell*, the express waiver provisions applicable to this case are outside the admonishments required under article 26.13, as the Court of Criminal Appeals pointed out. *See Carroll*, 975 S.W.2d at 632. Article 1.13 provides that a "defendant in a criminal prosecution for any offense other than a capital felony case ... shall have the right, upon entering a plea, to waive the right of trial by jury." TEX. CODE CRIM. PROC. ANN. art. 1.13 (Vernon Supp.1999). Similarly, article 1.14 allows a criminal defendant to "waive any rights secured him by law." TEX.CODE CRIM. PROC. ANN. art. 1.14(a) (Vernon Supp.1999). And article 1.15 requires the state "to introduce evidence into the record showing the guilt of the defendant." TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp. 1999). Thus it is by reference to these provisions that we determine whether appellant was informed of what she loses by forgoing the right to trial. In light of the Supreme Court's holding in *Mitchell*, we determine that these provisions are not so broad as give appellant adequate warning that a waiver of her right to trial equated to a waiver of the privileges that exist beyond the confines of the trial. Neither these rules nor appellant's own written waiver indicate that appellant consented to take the stand in the sentencing phase or suffer adverse consequences from declining to do so.[4]

---

4. Appellant's written waiver reads:

   10. Pursuant to Article 1.14 of the Texas Code of Criminal Procedure, I waive all

rights of form, substance or procedure given me by law.

   11. I waive, in accordance with Articles 1.13 and 1.15, Texas Code of Criminal Proce-

■ Appellant was in precisely the same factual situation in state court that Mitchell found herself facing in federal court. Like Mitchell, appellant pleaded guilty without benefit of a plea bargain. Like Mitchell, appellant was apparently less concerned with proof of her guilt or innocence than with the severity of her punishment. And like Mitchell, she wished to plead guilty and testify in support of that plea, but subsequently desired to invoke the privilege on a sentencing issue. The rule set forth by the Supreme Court in *Mitchell* is equally applicable. Because appellant had not been sentenced at the time she claimed the privilege, she had an absolute right under our federal constitution to invoke her Fifth Amendment privilege as to sentencing issues.

Moreover, in light of *Mitchell,* appellant's earlier admonishment was ineffective to inform her that it extended to issues beyond the confines of the guilt-innocence phase of trial.

As to the question of whether the guilty plea hearing should be considered separate from the sentencing hearing, i.e., whether the proceeding is unitary or bifurcated, the Supreme Court noted: "Our rule is applicable whether or not the sentencing hearing is deemed a proceeding separate from the Rule 11 hearing, an issue we need not resolve." [5] *Id.* at ——, 119 S.Ct. at 1314.

Application of this rule in the instant case requires reversal because appellant had pleaded guilty and offered testimony in support of the plea, but was not sentenced at the time the trial court coerced

dure, my right to a jury trial on both guilt and punishment, to appearance, confrontation and cross-examination of witnesses and agree to oral and/or written stipulations of evidence.

12. I waive my right not to incriminate myself, agree to testify if called as a witness and judicially confess under oath that each and every allegation contained in the indictment or information which is not waived by the State is true and I am *guilty of the offense as charged.*

Because appellant's written waiver is made with direct reference to these specific provisions, we confine our analysis above to whether sufficient notice was provided appellant under the terms of the statutes, with the noted exception of her waiver under article 1.14.

Significantly, article 1.14 merely enables a defendant to waive rights of form, substance, or procedure. It does not inform the defendant of what those rights are. While appellant's waiver appears to encompass "all rights of form, substance, or procedure given me by law," the waiver on its face indicates appellant's waiver was not informed. For example, appellant's waiver could not be construed to relinquish her constitutionally protected right against cruel and unusual punishment. As the Supreme Court observed in *Mitchell,* common sense determines to some extent what rights the defendant is generally understood as waiving under the circumstance. *See Mitchell,* 526 U.S. at ——, 119 S.Ct. at 1313–14.

5. The analysis of the Third Circuit Court of Appeals in *Mitchell* closely parallels that of

the Texas Court of Criminal Appeals in the instant case. Its opinion stated the guilty plea hearing "cannot logically [be] fragment[ed]," and that a defendant who pleads guilty after waiving the privilege afforded by the Fifth Amendment has no right to refuse to testify as to sentencing issues. *United States v. Mitchell,* 122 F.3d 185, 189–91 (3 rd Cir. 1997) *rev'd,* 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999). The brief filed by the government in the United States Supreme Court contained a strenuous argument that the unitary nature of guilty plea proceedings exempt them from the normal rule that a defendant could invoke the privilege on sentencing issues:

A court may receive a defendant's guilty plea to an offense and impose sentence on the defendant for that offense at a single hearing. Far more commonly today in the federal system, the court receives the guilty plea at one hearing and imposes sentence at a subsequent hearing. See FED.R.CRIM.P. 32. In either event, the defendant's waiver of his Fifth Amendment privilege in entering his guilty plea continues to apply at sentencing, *because both aspects of the case are part of a single proceeding for Fifth Amendment purposes... . A defendant's guilty plea hearing and sentencing are constituent parts of a 'single proceeding' for purposes of this rule.*

Brief for Respondent, *Mitchell,* 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (emphasis added) (footnote omitted). As noted, this analysis was specifically rejected by the Supreme Court.

her to testify concerning a punishment issue. We sustain appellant's first point.

In her second point, appellant requests that we find that the trial court was obligated to follow the sentencing recommendations contained in the presentence investigation report. If appellant is correct, we would reverse with instructions that appellant be sentenced according to the presentence report; however, we do not agree. Presentence recommendations prepared under the direction of a court are, by their very wording, only "recommendations" and are not binding on the trial court, which is afforded broad discretion in determining the appropriate punishment. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984). We overrule appellant's second point.

#### CONCLUSION

■ We hold that, as a matter of law, the trial court improperly coerced appellant into testifying at the sentencing portion of the hearing. Because the record shows the trial court relied on the coerced testimony in refusing to probate her sentences, we cannot conclude beyond a reasonable doubt that this error made no contribution to appellant's sentences. *See* Tex.R.App. P. 44.2.

Because we hold that the trial court violated appellant's federal constitutional rights when it coerced her to testify at the sentencing portion of the hearing, based on the United States Supreme Court's intervening opinion in *Mitchell*, we reverse the judgments of the trial court and remand both cases for new sentencing.