NO. 07-01-0493-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 16, 2002

_____


MIGUEL LUCANO LUCERO AKA MICHAEL LUCERO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 40,760-D; HONORABLE DON EMERSON, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[*]


Pursuant to a plea agreement, appellant Miguel Lucano Lucero aka Michael Lucero plead guilty to aggravated sexual assault of a child and was granted deferred adjudication and placed on community supervision for five years. Upon the State's motion to proceed

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

with an adjudication of guilt, on November 14, 2001, a hearing was held and evidence was presented that appellant had violated the terms of community supervision. He was adjudicated guilty by the trial court and sentenced to 25 years confinement. Appellant filed a *pro se* general notice of appeal.[1] By a sole point of error, appellant contends he did not knowingly, voluntarily, and intelligently waive his federal constitutional right against self-incrimination at the sentencing phase of his adjudication hearing. Based upon the rationale expressed herein, we affirm.

Approximately one year after appellant was granted deferred adjudication and placed on community supervision, the State filed a motion to proceed with an adjudication of guilt based on 16 alleged violations of the conditions of his community supervision. After the State waived two of the allegations, appellant entered an open plea of true to the remaining fourteen. However, the standard inquiries made by the trial court during the initial guilty plea colloquy designed to protect appellant from entering an involuntary plea were not repeated at the hearing on the motion to proceed with an adjudication of guilt. Instead, the trial court confirmed appellant's open plea of true to the allegations in the State's motion and immediately adjudicated him guilty of aggravated sexual assault committed against a 12 year old girl, a friend of appellant's younger sister.

---

[1]The State recognizes that appellant's general notice of appeal is sufficient to invoke our jurisdiction because by his complaint, he challenges the punishment phase and not his conviction. *See* Vidaurri v. State, 49 S.W.3d 880, 884 (Tex.Cr.App. 2001).

During the punishment phase the State indicated that it had no witnesses to present. Appellant then voluntarily chose to testify to explain why he had violated the conditions of his community supervision. During cross-examination, appellant indicated he was aware of the range of punishment and upon further questioning by the prosecutor, testified that he did not think it was his idea to have the victim perform oral sex on him. The only objection made by defense counsel, which was sustained, was directed at the prosecutor's sidebar comment. After defense counsel indicated she had no further evidence to present, the State called the victim to the stand. She testified without objection that it was appellant's idea for her to perform oral sex because she was unaware of such an act at the time. After both sides closed, the trial court sentenced appellant to 25 years confinement.

Relying on Mitchell v. United States, 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999) and Carroll v. State, 42 S.W.3d 129 (Tex.Cr.App. 2001) (en banc),[2] appellant contends he did not voluntarily and intelligently waive his federal constitutional right against self-incrimination at the sentencing phase of the hearing on the State's motion to proceed with an adjudication of guilt. We agree, but based on the reasoning expressed herein, determine that the error was harmless.

---

[2]Carroll was decided on March 7, 2001, months prior to the hearing on the State's motion to proceed with an adjudication of guilt.

3

The Fifth Amendment to the United States Constitution prevents a person from being compelled to be a witness against himself in any criminal matter. Since *Mitchell* it is well settled that a defendant retains the right to remain silent during sentencing. 119 S.Ct. at 1311. Where a sentence has not yet been imposed a defendant may have a legitimate fear of adverse consequences from further testimony. 119 S.Ct. 1314. Further, the Court again rejected the idea that a plea of guilty completes the incrimination of the defendant thereby extinguishing the right. *Id*; *accord* Estelle v. Smith, 451 U.S. 454, 462, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1982). Only where there can be no further incrimination, *i.e.*, where the sentence has been fixed and the judgment of conviction has become final, is the assertion of the right without basis. *Id.*

In light of *Mitchell*, the document executed by appellant waiving his rights pursuant to articles 1.14 and 1.15 of the Texas Code of Criminal Procedure did not waive his right against self-incrimination during sentencing. *See Carroll*, 42 S.W.3d at 132-33. As appellant points out in his brief, waiver of the right against self-incrimination is "conspicuously absent" from the written waivers. Based on *Mitchell* and *Carroll*, we hold that appellant did not voluntarily and intelligently waive his Fifth Amendment right against self-incrimination because he was not admonished by the trial court at the sentencing phase. We must now determine whether appellant suffered harm due to the trial court's error in failing to admonish him.

4

Since the Court's decision in Cain v. State, 947 S.W.2d 262, 264 (Tex.Cr.App. 1997), except for certain federal constitutional errors labeled by the United States Supreme Court as "structural," no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis. *See* Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302 (1991). Structural error, which is subject to automatic reversal, has been found only in six instances. Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (total deprivation of the right to counsel); Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed.2d 749 (1927) (an impartial judge); Vasquez v. Hillery, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986) (unlawful exclusion of members of the defendant's race from a grand jury); McKaskle v. Wiggins, 465 U.S. 168, 177-78, n.8, 104 S.Ct. 944, 950-51, n.8, 79 L.Ed.2d 122 (1984) (the right to self-representation); Waller v. Georgia, 467 U.S. 39, 49, n.9, 104 S.Ct. 2210, 2217, n.9, 81 L.Ed.2d 31 (1984) (the right to public trial), and Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (defective reasonable doubt instruction). After a thorough search, we are unaware of any case holding that a violation of the Fifth Amendment is structural error subject to automatic reversal. Thus, we apply Rule 44.2(a) of the Texas Rules of Appellate Procedure to determine whether the error contributed to appellant's punishment beyond a reasonable doubt. *See* Johnson v. State, 43 S.W.2d 1, 5 (Tex.Cr.App. 2001) (holding that it is the responsibility of the appellate court to assess harm and not a burden that rests on appellant or the State).

In *Carroll I*, the appellate court's decision was reversed and the cause remanded for further proceedings because based on *Mitchell* the Court of Criminal Appeals could not conclude that Carroll knowingly, voluntarily, and intelligently waived her federal constitutional right against self-incrimination.[3]  42 S.W.3d at 133.  Carroll entered open pleas of guilty to two counts of delivery of marihuana.  At the sentencing hearing, the trial court advised defense counsel that if Carroll did not testify pursuant to the State's request, it would "reflect very seriously on the Court's decision."  Reluctantly, Carroll testified to rigorous questions by the State and the trial court, believing that she had lied in her testimony, refused to probate her sentences.  *Carroll I*, 946 S.W.2d at 881.  She was sentenced to concurrent five-year sentences and a $5,000 fine.  *Id*. at 880.  She appealed the punishment portion of the judgments contending the trial court had coerced her to testify at the sentencing phase when it advised defense counsel that if she invoked her privilege against self-incrimination, it would consider the invocation as a circumstance against her when assessing punishment.  *Carroll IV*, 42 S.W.3d at 130.  After the cause was remanded by *Carroll IV*, the Fort Worth Court conducted a harm analysis and determined that because the trial court relied on coerced testimony in assessing

---

[3]*Carroll* was originally appealed in 1997, and after five decisions, has come full circle.  *See Carroll I*, 946 S.W.2d 879 (Tex.App–Fort Worth 1997); *Carroll II*, 975 S.W.2d 630 (Tex.Cr.App. 1998); *Carroll III*, 12 S.W.3d 92 (Tex.App.–Fort Worth 1999); *Carroll IV*, 42 S.W.3d 129 (Tex.Cr.App. 2001); and *Carroll V*, 68 S.W.3d 250 (Tex.App.–Fort Worth 2002, no pet.).

6

punishment it could not conclude beyond a reasonable doubt that the error made no contribution to Carroll's sentences.  68 S.W.3d at 253.

Appellant voluntarily chose to testify at the sentencing phase and was represented by counsel.  Upon cross-examination, he answered questions openly and without hesitation.  A review of the record shows no coercion by the trial court nor by the State.  Furthermore, a trial court is vested with a great degree of discretion in imposing an appropriate sentence.  Jackson v. State, 680 S.W.2d 809, 814 (Tex.Cr.App. 1984) (en banc).  A penalty imposed within the range established by the Legislature should not be disturbed on appeal.  Nunez v. State, 565 S.W.2d 536, 538 (Tex.Cr.App. 1978).  The range of punishment for a first degree felony is life imprisonment or for any term of not more than 99 or less than five years.  Tex. Pen. Code Ann. § 12.32(a) (Vernon 1994).  Appellant's sentence of 25 years confinement being on the lower end of the range of punishment, we determine beyond a reasonable doubt that the trial court's error in failing to admonish him did not contribute to his punishment.  His sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Quinn, J., concurring.

7

Boyd, S.J., joins in the disposition of the case, but agrees with Justice Quinn's concurring opinion.


Publish.

NO. 07-01-0493-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 16, 2002

_____

MIGUEL LUCANO LUCERO, AKA MICHAEL LUCERO,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 40,760-D; HON. DON EMERSON, PRESIDING

_____

*Concurring Opinion*

_____

Before QUINN and REAVIS, JJ. and BOYD, SJ.[4]

---

[4]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. TEX. GOV'T CODE ANN. §75.002(a)(1) (Vernon Supp. 2002).

To the extent the majority concludes that the judgment should be affirmed, I concur. I respectfully disagree, however, with the proposition that appellant did not waive his right against self-incrimination when he took the witness stand and testified on his own behalf.

### *Applicable Law*

That the State may not compel one to incriminate himself during a criminal proceeding is beyond dispute. Similarly indisputable is the rule that this right exists during both phases of a criminal trial, *i.e.* the guilt/innocence and punishment phases. *See Carroll v. State*, 42 S.W.3d 129, 131-33 (Tex. Crim. App. 2001) (so holding). Yet, equally clear is the rule "that when an accused voluntarily takes the stand he waives his privilege against self-incrimination at the hearing at which he takes the stand." *Hernandez v. State*, 506 S.W.2d 884, 886 (Tex. Crim. App. 1974); *accord Bryan v. State*, 837 S.W.2d 637, 643 (Tex. Crim. App. 1992) (so holding); *Brumfield v. State*, 445 S.W.2d 732, 735 (Tex. Crim. App. 1969) (so holding). This is so because by voluntarily testifying on his own behalf, the accused is not being compelled to incriminate himself.

Indeed, the proscription against self-incrimination reads: "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U.S. CONST. AMEND. V. As can be readily seen, the operative term in the provision is "compelled." Simply put, the Fifth Amendment does not prohibit every instance of self-incrimination but those where the incrimination is "obtained by a 'genuine compulsion of testimony.'" *United States v. Washington*, 431 U.S. 181, 187, 97 S. Ct. 1814, 1818-19, 52 L. Ed. 2d 238 (1977) *(quoting*

10

*Michigan v. Tucker*, 417 U.S. 433, 94 S. Ct. 2357, 41 L. Ed. 2d 182 (1974)). "Absent some officially coerced self-accusation," the amendment "is not violated by even the most damning admissions." *Id.* For instance, a police officer need not stop one who walks into a precinct house and attempts to confess to a crime. *Miranda v. Arizona*, 384 U.S. 436, 478, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966). Nor must the officer first inform the individual of his right to remain silent before the confession can be used against him. This is so because "[v]olunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by" the need to admonish prior to custodial interrogation. *Id.* The same is no less true when a defendant opts to voluntarily speak on his own behalf. While the better practice may be to tell the individual about his right to remain silent and the implications arising from the decision to speak, the failure to do so does not render the ensuing testimony inadmissible as a violation of the Fifth Amendment if the testimony was nonetheless voluntarily given. *Powers v. United States*, 223 U.S. 303, 313-14, 32 S.Ct. 281, 283-84, 56 L.Ed. 448 (1912) (concluding that the Fifth Amendment was not violated when Powers voluntarily opted to testify at a preliminary hearing even though he was not admonished about his right against self-incrimination).

In sum, whether the Fifth Amendment is implicated when an individual decides to testify depends not upon whether the witness "made a knowing decision to testify, but *why*" he chose to testify. *Harrison v. United States*, 392 U.S. 219, 223, 88 S.Ct. 2008, 2010, 20 L.Ed.2d 1047 (1968) (emphasis in original). The court must assess whether the decision constituted an exercise in free will or an act arising from coercion. If it is the

former, then the individual has not been denied his right to avoid self-incrimination. If it is the latter, then the same may not be true. And, to determine which it was, the totality of the circumstances must be perused. *Washington*, 431 U.S. at 188, 97 S.Ct. at 1819.[5]

### Application of the Law

Here, appellant initially pled guilty to the offense of aggravated sexual assault of a child. The trial court found that the plea was knowing and voluntary, deferred his adjudication of guilt, and placed him on community supervision. Thereafter, the State moved to adjudicate appellant's guilt, and appellant subsequently pled true to various of the grounds asserted in the motion. This led the trial court to conclude that appellant violated the conditions of his community supervision. Next, when asked if she had "any

[5]If the test is not whether the witness "made a knowing decision to testify, but *why*," as the Supreme Court stated in *Harrison*, 392 U.S. at 223, 88 S.Ct. at 2010, then, logically, whether or not anyone informed the accused of his Fifth Amendment right is not controlling. Indeed, this observation finds support in *Powers*. Again, there it was held that the witness's testimony was not obtained in derogation of the Fifth Amendment even though he was not informed by the court of his right to remain silent. *Powers*, 223 U.S. at 313-14, 32 S.Ct. at 283-84. Yet, one must nonetheless proceed with caution for there is seldom a bright line when it comes to rules of law, constitutional or otherwise. Given that the totality of the circumstances control, *Washington*, 431 U.S. at 188, 97 S.Ct. at 1819, the totality of the circumstances must be perused. Even the court in *Powers* did that. *See Powers*, 223 U.S. at 313-14, 32 S.Ct. 283-84 (finding no violation of the Fifth Amendment because Powers 1) did not invoke the privilege against self-incrimination, 2) did not indicate that he was ignorant of the privilege, and 3) did not claim he would have remained silent had he been admonished of the privilege). Simply put, that a complainant is not admonished about the Fifth Amendment before testifying alone does not render his testimony inadmissible via that amendment.

witnesses on punishment," counsel for appellant stated that her client "would like to testify." At that point the trial court said, "[c]ome right up and take a seat on the witness stand." Appellant did and testified on his own behalf.

It is obvious from the foregoing recitation of the evidence before us that appellant had legal counsel before appearing as a witness in his own defense. Whether that counsel informed his client of the Fifth Amendment and his rights thereunder cannot be discerned, however. Nevertheless, the record does illustrate that appellant 1) uttered no objection to testifying before appearing on the witness stand, 2) failed to invoke any privilege against self-incrimination, 3) failed to indicate in any way that he was ignorant of his Fifth Amendment right prohibiting self-incrimination, and 4) failed to indicate in any way that he would not have testified had the court admonished him about that amendment. It also depicts that the trial court merely invited him to the stand at the behest of his attorney. Neither the trial court nor the prosecution said or did anything suggesting that either urged him in any way to testify. Nor does the record contain any evidence from which one could reasonably infer that 1) either the trial court or the prosecution wanted him to testify or intended to hold his silence against him in any way or 2) appellant hesitated, in any way, in testifying on his own behalf.

Simply put, the totality of the circumstances at bar evince no coercion on the part of the court or anyone else. Appellant voluntarily took the stand, and in doing so, waived any complaint about self-incrimination. *Hernandez*, 506 S.W.2d at 886; *Brumfield*, 445

13

S.W.2d at 735. That he was not admonished by the trial court about his right to remain silent does not change that result. *Powers,* 223 U.S. at 313-14, 32 S.Ct. at 283-84.

Finally, the cases of *Mitchell v. United States*, 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999) and *Carroll*, 42 S.W.3d at 131-33, on which appellant relies, are inapposite. Neither involved a defendant who volunteered to testify on his own behalf during the punishment phase of the trial. Rather, in each, the trial court concluded that the respective defendant had no right to remain silent. *Mitchell*, 526 U.S. at 319, 119 S.Ct. at 1310; *Carroll*, 42 S.W.3d at 133. And, because he or she allegedly had no such right, the defendants' silence was a factor considered in setting punishment. *Mitchell,* 526 U.S. at 319, 119 S.Ct. at 1310-11; *Carroll*, 42 S.W.3d at 130-31. None of that occurred here. More importantly, *Mitchell* said nothing about the trial court having to admonish a defendant about the Fifth Amendment before that individual could voluntarily testify on his own behalf. Nor did *Carroll* so hold. Instead, it merely noted that the trial court failed to admonish her about the Fifth Amendment as it attempted to coerce her into testifying. *Carroll*, 42 S.W.3d at 133. That is a far cry from holding that admonishments must be afforded a defendant who voluntarily chooses to appear in his defense.[6]

---

[6] Indeed, if the court were to read *Carroll* as appellant suggests (*i.e.* holding that one must be admonished about his right to remain silent before he can voluntarily testify) then, implicitly, it would be rejecting the totality test set forth in *Washington*. No longer would all the circumstances be of import. Rather, the mere circumstance of whether or not admonishments were administered would become dispositive. To reject the teachings of the United States Supreme Court in *Washington* surely is not what

14

Accordingly, I would affirm the judgment not because the purported error was harmless but because there was no error.

Brian Quinn
Justice

Publish.

---

the Court of Criminal Appeals intended in *Carroll*.