COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO.
2-02-235-CR
 
RAMIRO RIVAS MOJEDA                                                            APPELLANT
A/K/A RAMIRO R. MOJEDA
V.
THE STATE OF TEXAS                                                               
STATE
------------
FROM THE 297TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM
OPINION(1)
------------
       
Appellant Ramiro Rivas Mojeda appeals his conviction for felony driving while
intoxicated.  After Appellant entered an open plea of guilty to the
offense, the trial court assessed Appellant's punishment at seven years'
confinement.  In two points on appeal, Appellant contends the trial court
erred in failing to admonish Appellant regarding 1) the range of punishment and
2) his right to remain silent during the punishment phase of trial.(2) 
We affirm.
Background
       
Appellant entered a guilty plea on December 11, 2001. The trial court accepted
Appellant's plea, but deferred a finding of guilt until a presentence
investigation report could be prepared.(3) 
On May 16, 2002, the court held a sentencing hearing at which both parties
acknowledged having received a copy of the presentence investigation report.
Appellant was the only witness his counsel called to testify at the hearing; the
State did not call any witnesses. The range of punishment applicable to the
offense to which Appellant had previously pleaded guilty was two to ten years'
confinement and a fine not to exceed $10,000. The trial court assessed
punishment at seven years' confinement.
Discussion
Admonishment regarding range
of punishment
        In his
first point, Appellant contends the trial court failed to admonish him regarding
the applicable range of punishment. Article 26.13 of the Texas Code of Criminal
Procedure provides that prior to accepting a plea of guilty, the court shall
admonish the defendant of the range of the punishment attached to the offense.
Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp. 2003). The admonition
required by article 26.13 may be made either orally or in writing. Id.
art. 26.13(d) (Vernon 1989).
       
Appellant expressly waived the right to have a court reporter present at the
December 11, 2001 plea proceedings. The "Written Plea Admonishments"
signed by Appellant and his attorney on December 11, 2001 recite the correct
range of punishment for the charged offense. Additionally, the trial court's
judgment states:

 [T]he Court having duly admonished the Defendant as to the consequences of
 such plea, including the range of punishment attached to the offense
 . . . ; said plea is by the Court received and now entered of record upon the
 minutes of the Court, is of the opinion and so finds that the said Defendant
 is guilty of the offense as confessed as set forth above. [Emphasis added.]

 
        It is a
cardinal rule of appellate procedure in Texas that we must indulge every
presumption in favor of the regularity of the proceedings and documents in the
lower court. McCloud v. State, 527 S.W.2d 885, 887 (Tex. Crim. App.
1975). The presumption of regularity is a judicial construct that requires a
reviewing court, "absent evidence of impropriety," to indulge every
presumption in favor of the regularity of the trial court's judgment. Light
v. State, 15 S.W.3d 104, 107 & n.7 (Tex. Crim. App. 2000). The burden
is on the defendant to overcome the presumption. Dusenberry v. State,
915 S.W.2d 947, 949 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd).
        Although
Appellant's brief does not address the recitations in the written plea
admonishments and the trial court's judgment, we find the recitations contained
in these documents to be persuasive and unrebutted. Accordingly, because we have
not been presented with any evidence to the contrary, we conclude that prior to
entry of his plea of guilty, Appellant was properly admonished regarding the
applicable range of punishment.
       
Appellant's first point also asserts that a review of the punishment phase of
trial shows that "[t]he record is completely void of any arraignment
warnings by the court as to the Appellant's range of punishment" and that
"[a]bsolutely no admonishments were given on May 16, 2002." It is
incumbent upon Appellant to cite specific legal authority, and to provide legal
arguments based upon that authority, indicating that such admonishments are
required at the punishment phase of the trial. See Tex. R.
App. P. 38.1(h). Because Appellant has failed to cite any legal authority in
support of his contention that the trial court was required to admonish
Appellant at the punishment phase regarding the range of punishment for the
offense to which he had previously pleaded guilty, Appellant's contention is
waived. See Bell v. State, 90 S.W.3d 301, 305 (Tex. Crim. App. 2002)
(overruling point on appeal because appellant did not provide any legal
authority or analysis to support the point); Salazar v. State, 38
S.W.3d 141, 147 (Tex. Crim. App.) (dismissing points on appeal because appellant
presented no legal authority in support of his argument), cert. denied,
534 U.S. 855 (2001). We overrule Appellant's first point.(4)
Admonishment about
Appellant's right to remain silent during punishment
        In his
second point, Appellant claims the trial court erred in failing to admonish
Appellant of his right to remain silent during the punishment phase of the
trial. Appellant relies upon article 16.03 of the code of criminal procedure.
Tex. Code Crim. Proc. Ann. art. 16.03 (Vernon 1977). We do not find article
16.03 to be applicable because it pertains to voluntary statements an accused
desires to make during an examining trial, not during the trial on the merits.
"It is well established that when an accused voluntarily takes the stand he
waives his privilege against self-incrimination at the hearing at which he takes
the stand." Hernandez v. State, 506 S.W.2d 884, 886 (Tex. Crim.
App. 1974). In such a case, the trial court does not err in refusing to admonish
Appellant as to his privilege against self-incrimination. Id.(5) 
We overrule Appellant's second point.
Conclusion
        Having
overruled both of Appellant's points, we affirm the trial court's judgment.
 
                                                           PER
CURIAM
 
PANEL F: HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: June 12, 2003

1. See Tex. R. App. P. 47.4.
2. Under the Helms rule, a knowing and voluntary
plea of guilty entered without the benefit of a plea bargain waives all
nonjurisdictional defects occurring before the plea only if the judgment is
independent of and not supported by the alleged error on appeal. See Young
v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Helms v. State,
484 S.W.2d 925, 927 (Tex. Crim. App. 1972). It is unclear from Appellant's brief
whether he is contending the trial court did not admonish him at the guilt phase
or the punishment phase regarding the range of punishment. If the challenge
pertains to the guilt phase, we may address his complaint under Young
because Appellant's guilt is dependent upon the alleged error. If Appellant is
complaining about a lack of admonishment at the punishment phase, because this
alleged error did not occur before entry of the plea, this issue is not
foreclosed by Helms.
3. In the written plea admonishment that Appellant signed
on December 11, 2001, Appellant waived his right to have a court reporter make a
record of the plea hearing.
4. Additionally, we note that article 26.13 only mandates
the court to admonish the defendant "[p]rior to accepting a plea of
guilty."  Tex. Code Crim. Proc. Ann. art. 26.13(a)(1). There is no
requirement in the code that the court at the punishment phase again admonish
the defendant regarding the range of punishment.
5. But see Lucero v. State, 91 S.W.3d
814, 816 (Tex. App.--Amarillo 2002, no pet.) (holding trial court erred in
failing to admonish appellant who voluntarily testified at punishment phase, but
error was harmless). Interestingly, Lucero was decided by a three-judge
panel on appeal, yet the "concurring" opinion of two of the three
justices disagreed with the "majority" opinion of the third justice.
Citing Hernandez, the two "concurring" justices opined that
no error occurred because Appellant voluntarily testified at the punishment
phase and was therefore not entitled to an admonishment. Id. at 820
(Quinn, J., concurring); see Hernandez, 506 S.W.2d at 886.