MOJEDA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-235-CR

RAMIRO RIVAS MOJEDA APPELLANT

A/K/A RAMIRO R. MOJEDA 

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Ramiro Rivas Mojeda appeals his conviction for felony driving while intoxicated.  After Appellant entered an open plea of guilty to the offense, the trial court assessed Appellant’s punishment at seven years’ confinement.  In two points on appeal, Appellant contends the trial court erred in failing to admonish Appellant regarding 1) the range of punishment and 2) his right to remain silent during the punishment phase of trial.
(footnote: 2)  We affirm.

  
 Background
 

Appellant entered a guilty plea on December 11, 2001.  The trial court accepted Appellant’s plea, but deferred a finding of guilt until a presentence investigation report could be prepared.
(footnote: 3)  On May 16, 2002, the court held a sentencing hearing at which both parties acknowledged having received a copy of the presentence investigation report.  Appellant was the only witness his counsel called to testify at the hearing; the State did not call any witnesses.  The range of punishment applicable to the offense to which Appellant had previously pleaded guilty was two to ten years’ confinement and a fine not to exceed $10,000.  The trial court assessed punishment at seven years’ confinement.

Discussion
  

Admonishment regarding range of punishment

In his first point, Appellant contends the trial court failed to admonish him regarding the applicable range of punishment.  Article 26.13 of the Texas Code of Criminal Procedure provides that prior to accepting a plea of guilty, the court shall admonish the defendant of the range of the punishment attached to the offense.  
Tex. Code Crim. Proc. Ann.
 art. 26.13(a)(1) (Vernon Supp. 2003).  The admonition required by article 26.13 may be made either orally or in writing.  
Id.
 art. 26.13(d) (Vernon 1989).  

Appellant expressly waived the right to have a court reporter present at the December 11, 2001 plea proceedings.  The “Written Plea Admonishments” signed by Appellant and his attorney on December 11, 2001 recite the correct range of punishment for the charged offense.  Additionally, the trial court’s judgment states:

[T]he Court having duly admonished the Defendant as to the consequences of such plea, 
including the range of punishment attached to the offense
 . . . ; said plea is by the Court received and now entered of record upon the minutes of the Court, is of the opinion and so finds that the said Defendant is guilty of the offense as confessed as set forth above. [Emphasis added.]

It is a cardinal rule of appellate procedure in Texas that we must indulge every presumption in favor of the regularity of the proceedings and documents in the lower court.  
McCloud v. State
, 527 S.W.2d 885, 887 (Tex. Crim. App. 1975).  The presumption of regularity is a judicial construct that requires a reviewing court, “absent evidence of impropriety,” to indulge every presumption in favor of the regularity of the trial court's judgment.  
Light v. State
, 15 S.W.3d 104, 107 & n.7 (Tex. Crim. App. 2000).  The burden is on the defendant to overcome the presumption.  
Dusenberry v. State
, 915 S.W.2d 947, 949 (Tex. App.—Houston [1
st
 Dist.] 1996, pet. ref'd).   

Although Appellant’s brief does not address the recitations in the written plea admonishments and the trial court’s judgment, we find the recitations contained in these documents to be persuasive and unrebutted.  Accordingly, because we have not been presented with any evidence to the contrary, we conclude that prior to entry of his plea of guilty, Appellant was properly admonished regarding the applicable range of punishment.

Appellant’s first point also asserts that a review of the punishment phase of trial shows that “[t]he record is completely void of any arraignment warnings by the court as to the Appellant’s range of punishment” and that “[a]bsolutely no admonishments were given on May 16, 2002.”  It is incumbent upon Appellant to cite specific legal authority, and to provide legal arguments based upon that authority, indicating that such admonishments are required 
at the punishment phase of the trial
.  
See 
Tex. R. App. P
. 38.1(h).  Because Appellant has failed to cite any legal authority in support of his contention that the trial court was required to admonish Appellant at the punishment phase regarding the range of punishment for the offense to which he had previously pleaded guilty, Appellant’s contention is waived.  
See Bell v. State
, 90 S.W.3d 301, 305 (Tex. Crim. App. 2002) (overruling point on appeal because appellant did not provide any legal authority or analysis to support the point); 
Salazar v. State
, 38 S.W.3d 141, 147 (Tex. Crim. App.) (dismissing points on appeal because appellant presented no legal authority in support of his argument), 
cert. denied
, 534 U.S. 855 (2001).  We overrule Appellant’s first point.
(footnote: 4)
Admonishment about Appellant’s right to remain silent during punishment

In his second point, Appellant claims the trial court erred in failing to admonish Appellant of his right to remain silent during the punishment phase of the trial.  Appellant relies upon article 16.03 of the code of criminal procedure.  
Tex. Code Crim. Proc. Ann.
 art. 16.03 (Vernon 1977).
  We do not find article 16.03 to be applicable because it pertains to voluntary statements an accused desires to make during an examining trial, not during the trial on the merits.  “It is well established that when an accused voluntarily takes the stand he waives his privilege against self-incrimination at the hearing at which he takes the stand.”  
Hernandez v. State
, 506 S.W.2d 884, 886 (Tex. Crim. App. 1974).  In such a case, the trial court does not err in refusing to admonish Appellant as to his privilege against self-incrimination.  
Id.
(footnote: 5)  
We overrule Appellant’s second point.

Conclusion

Having overruled both of Appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: HOLMAN, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH 

Tex. R. App. P. 
47.2(b)

DELIVERED: June 12, 2003 

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Under the 
Helms
 rule, a knowing and voluntary plea of guilty entered without the benefit of a plea bargain waives all nonjurisdictional defects occurring before the plea only if the judgment is independent of and not supported by the alleged error on appeal.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000);
 Helms v. State
, 484 S.W.2d 925, 927 (Tex. Crim. App. 1972)
.  It is unclear from Appellant’s brief whether he is contending the trial court did not admonish him at the guilt phase or the punishment phase regarding the range of punishment.  If the challenge pertains to the guilt phase, we may address his complaint under 
Young
 because Appellant’s guilt is dependent upon the alleged error.  If Appellant is complaining about a lack of admonishment at the punishment phase, because this alleged error did not occur before entry of the plea, this issue is not foreclosed by 
Helms
.     

3:
In the written plea admonishment that Appellant signed on December 11, 2001, Appellant waived his right to have a court reporter make a record of the plea hearing.

4:
Additionally, 
we note that article 26.13 only mandates the court to admonish the defendant “[p]rior to accepting a plea of guilty.”  
Tex. Code Crim. Proc. Ann.
 art.  26.13(a)(1).  There is no requirement in the code that the court at the punishment phase again admonish the defendant regarding the range of punishment.           

5:
But see
 
Lucero v. State
, 91 S.W.3d 814, 816 (Tex. App.—Amarillo 2002, no pet.) (holding trial court erred in failing to admonish appellant who voluntarily testified at punishment phase, but error was harmless).  Interestingly, 
Lucero
 was decided by a three-judge panel on appeal, yet the “concurring” opinion of two of the three justices disagreed with the “majority” opinion of the third justice.  Citing 
Hernandez
, the two “concurring” justices opined that no error occurred because Appellant voluntarily testified at the punishment phase and was therefore not entitled to an admonishment
.  
Id.
 at 820 (Quinn, J., concurring); 
see Hernandez
, 506 S.W.2d at 886.