NO. 07-07-0140-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 27, 2007


______________________________




LANEKA JACOBS, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 52,483-B; HON. JOHN BOARD, PRESIDING


_______________________________



 Memorandum Opinion

 _______________________________


Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J. (1)

 Appellant Laneka Jacobs appeals her conviction of possession of marijuana in an
amount of 2,000 pounds or less but more than fifty pounds. Pursuant to a plea of guilty
but without an agreed recommendation of punishment by the State, the trial court found
appellant guilty and assessed punishment at five years in prison and a fine of $8,000. 

 Appellant's appointed counsel has filed a motion to withdraw, together with an
Anders (2) brief wherein she certified that, after diligently searching the record, she has
concluded the appeal is without merit. Along with her brief, counsel attached a copy of a
letter sent to appellant informing her of counsel's belief and of appellant's right to file a
response pro se. By letter dated July 12, 2007, this court also notified appellant of her right
to file a brief or response and set August 13, 2007, as the deadline to do so. Appellant
sought an extension of time to file a response which was granted until September 24,
2007. At that time, appellant filed a response. 

 In compliance with Anders, counsel has discussed several potential areas for
appeal. They include 1) the denial of appellant's request for probation in light of the
deferred adjudication received by her co-defendant, 2) the consideration by the court of an
extraneous offense in assessing punishment and the lack of any pre-sentence
investigation report, and 3) the voluntariness of appellant's plea. However, counsel has
explained why each argument lacks merit.

 Appellant has also asserted that her plea was involuntary and that she was not
admonished as to her right against self-incrimination. Nothing in the record indicates that
appellant's plea was not voluntary or that she was coerced into testifying. The court is not
required to admonish a defendant as to the right against self-incrimination when he or she
voluntarily takes the stand to testify in his or her defense. See Lucero v. State, 91 S.W.3d
814, 819 (Tex. App.-Amarillo 2002, no pet.) (Quinn, concurring). 

 We have also conducted our own review of the record to assess the accuracy of
counsel's conclusions and to uncover any error pursuant to Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1991). Our own review has failed to reveal any reversible error. 

 Accordingly, the motion to withdraw is granted, and the judgment is affirmed.


 Brian Quinn 

 Chief Justice


Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2007). 
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). 



02, 904 (Tex.Crim.App 1986). However, if the defendant
affirmatively states he has "no objection" to the admission of the evidence at trial, he
waives his right to complain of the error on appeal despite the pretrial ruling. Id.; Strauss
v. State, 121 S.W.3d 486, 490 (Tex.App.-Amarillo 2003, pet. ref'd). 

 Here, although counsel objected to the publication of the videotape, he did so after
he expressly stated that he had "no objection" to the admission of the videotape into
evidence. Without a limiting instruction, the videotape was in evidence and could be used
for all purposes. See Hammock v. State, 46 S.W.3d 889, 892 (Tex.Crim.App. 2001). 
Consequently, appellant is precluded from challenging on appeal either its admission or
publication. See Strauss, 121 S.W.3d at 490. Appellant's issues one and three present
nothing for review and are overruled.

 By his second issue, appellant alleges that certain testimony provided by Detective
Richardson contained oral statements made by appellant which were inadmissible because
the statements were not recorded. Describing a conversation that he had with appellant
in the vestibule after leaving the interrogation room, Detective Richardson said:

 I continued to tape the conversation using my pocket recorder. On the way
to the jail Gibson kept repeating how [the victim] came onto him. While I was
alone in the vestibule with Gibson he told me that he did have sexual
intercourse and anal intercourse with [the victim] and that she did perform
oral sex on him. Gibson was unsure as to how many times. The pocket
recorder had used up the available time and did not record the last part of
the conversation.


 Richardson provided this testimony by reading from his offense report after
appellant's counsel questioned him on cross-examination regarding a reference in the
report that he had used a pocket recorder to record appellant's interrogation. Richardson
acknowledged that he used the pocket recorder but testified there was nothing on the
recorder that was "different or in addition to" the statements on the videotape shown to the
jury. In response to the questioning, the State pleaded that, under Rules of Evidence 106
and 107, Richardson should also be allowed to testify to other matters in the offense
report. Specifically, the State sought to introduce appellant's statements in the offense
report that were not recorded. Appellant's counsel objected to the request claiming that
the rule of optional completeness was not applicable and that the statements had to be
recorded to be admissible. Despite counsel's objections, the trial court permitted the jury
to hear the testimony. After reading the statements into evidence, Richardson confirmed
that they were not captured on videotape or by the pocket recorder.

 Article 38.22 precludes the admission of oral statements by the accused, made in
response to custodial interrogation, that are not electronically or visually recorded. Tex.
Code Crim. Proc. Ann. art. 38.22, § 3(a)(1) (Vernon 2005). Without deciding whether the
statements in question were made in response to custodial interrogation, we agree with the
State's contention that any error by the trial court was harmless because the same
evidence was already before the jury in the form of appellant's videotaped statement.

 An error that is not of constitutional dimension at trial is harmless and will be
disregarded if the error did not affect the substantial rights of the defendant. Tex. R. App.
P. 44.2(b); King v. State, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). The erroneous
admission of evidence does not affect a substantial right "if the appellate court, after
examining the record as a whole, has fair assurance that the error did not influence the
jury, or had but a slight effect." Johnson v. State, 967 S.W.2d 410, 417 (Tex.Crim.App.
1998).

 Here, the videotape corroborates the State's contention that the substance of
appellant's statements to Richardson in the vestibule was the same as the substance of
statements on videotape. While appellant never admitted on videotape to engaging in anal
sex, he repeatedly states that the victim came on to him and that he engaged in oral and
vaginal sex with the victim. Appellant admitted on videotape to having sexual contact with
the victim. Therefore, we hold that any error in the admission of the same evidence
through Richardson's testimony was harmless. See Tex. R. App. P. 44.2(b). Appellant's
second point is overruled.

 By his fourth issue, appellant alleges the jury charge was erroneous because the
paragraph in the charge pertaining to the lesser included offense of sexual assault was
titled "Application paragraph-Lesser included offense." Appellant claims that, because this
paragraph was the only paragraph in the charge that was preceded by a title, the trial court
impermissibly instructed the jury how to "decide appellant's fate." Appellant concedes that
trial counsel did not make a specific objection to the charge on the record.

 When an error has not been preserved by a timely objection, we must find
"egregious harm" to sustain a reversal. Almanza v. State, 686 S.W.2d 157, 171
(Tex.Crim.App. 1984). Almanza defines egregious harm as errors which affect "the very
basis of the case," deprive the defendant of a "valuable right," or "vitally affect a defensive
theory." Id. at 172 (citations omitted); Hutch v. State, 922 S.W.2d 166, 171 (Tex.Crim.App.
1996). The degree of harm may be determined in light of the entire jury charge, the state
of the evidence, including the contested issues and the weight of the probative evidence,
the arguments of counsel, and any other relevant information in the record. Almanza, 686
S.W.2d at 171.

 Here, appellant does not allege the court's charge is lacking in substance or that
it contains a substantive misstatement of law. (3) Moreover, he offers no support for his
contention that the paragraph title caused the jury to disregard the remaining paragraphs
in the charge. We generally assume that the jury follows the trial court's instructions as
given, and will not reverse in the absence of evidence that the jury was actually confused
by the charge. Williams v. State, 937 S.W.2d 479, 490 (Tex.Crim.App. 1996). Thus, we
are not persuaded that the inclusion of the title in the charge caused egregious harm to
appellant such as that contemplated in Almanza. Appellant's fourth issue is overruled.

 Accordingly, the trial court's judgment is affirmed.


 Patrick A. Pirtle

 Justice



Do not publish.
1. Sec. 3. (a) No oral or sign language statement of an accused made as a result of
custodial interrogation shall be admissible against the accused in a criminal proceeding
unless:


 (1) an electronic recording, which may include motion picture, video tape, or other
visual recording, is made of the statement;


 (2) prior to the statement but during the recording the accused is given the warning
in Subsection (a) of Section 2 above and the accused knowingly, intelligently, and
voluntarily waives any rights set out in the warning;


 (3) the recording device was capable of making an accurate recording, the operator
was competent, and the recording is accurate and has not been altered;


 (4) all voices on the recording are identified; and


 (5) not later than the 20th day before the date of the proceeding, the attorney
representing the defendant is provided with a true, complete, and accurate copy of all
recordings of the defendant made under this article. 


Tex. Code Crim. Proc. Ann. art. 38.22, § 3 (Vernon 2005).
2. Counsel did not renew his complaint in the motion to suppress that the State failed
to furnish him with a copy of the videotape prior to trial.
3. Nor does he explain how he was harmed by the jury's decision to find him guilty of
the lesser included offense.