NO. 07-07-0140–CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 27, 2007

______________________________

LANEKA JACOBS, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 181
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. 52,483-B; HON. JOHN BOARD, PRESIDING

_______________________________

Memorandum Opinion

       _______________________________

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.
(footnote: 1)
 Appellant Laneka Jacobs appeals her conviction of possession of marijuana in an amount of 2,000 pounds or less but more than fifty pounds.  Pursuant to a plea of guilty but without an agreed recommendation of punishment by the State, the trial court found appellant guilty and assessed punishment at five years in prison and a fine of $8,000.  

Appellant’s appointed counsel has filed a motion to withdraw, together with an 
Anders
(footnote: 2) brief wherein she certified that, after diligently searching the record, she has concluded the appeal is without merit.  Along with her brief, counsel attached a copy of a letter sent to appellant informing her of counsel’s belief and of appellant’s right to file a response 
pro se. 
 By letter dated July 12, 2007, this court also notified appellant of her right to file a brief or response and set August 13, 2007, as the deadline to do so.  Appellant sought an extension of time to file a response which was granted until September 24, 2007.  At that time, appellant filed a response.  

In compliance with 
Anders, 
counsel has discussed several potential areas for appeal.  They include 1) the denial of appellant’s request for probation in light of the deferred adjudication received by her co-defendant, 2) the consideration by the court of an extraneous offense in assessing punishment and the lack of any pre-sentence investigation report,
 
and 3) the voluntariness of  appellant’s plea.  However, counsel has explained why each argument lacks merit.

Appellant has also asserted that her plea was involuntary and that she was not admonished as to her right against self-incrimination.  Nothing in the record indicates that appellant’s plea was not voluntary or that she was coerced into testifying.  The court is not required to admonish a defendant as to the right against self-incrimination when he or she voluntarily takes the stand to testify in his or her defense.  
See  Lucero v. State, 
91 S.W.3d 814, 819 (Tex. App.–Amarillo 2002, no pet.) (Quinn, concurring). 

We have also conducted our own review of the record to assess the accuracy of counsel’s conclusions and to uncover any error pursuant to 
Stafford v. State, 
813 S.W.2d 503 (Tex. Crim. App. 1991).  Our own review has failed to reveal any reversible error.  

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.

Brian Quinn 

          Chief Justice

Do not publish.  

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  
Tex. Gov’t Code Ann
. §75.002(a)(1) (Vernon Supp. 2007). 

2:
Anders v. California, 
386 U.S. 738,  87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).