Bernard **ALLEN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44304.

Court of Criminal Appeals of Texas.

Nov. 23, 1971.

Rehearing Denied Jan. 18, 1972.

Edwards, Faulkner & Giles, by Bedford D. Edwards and Danny A. Makowsky, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., Frank M. Fitzpatrick, Jr., Ronald R. Slaughter and Kenneth H. Crow, Asst. Dist. Attys., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for the possession of marihuana; the punishment, twelve years.

Appellant contends "the trial court erred in accepting defendant's plea of nolo contendere under the conditions reflected by this record."

Appellant relies upon Killebrew v. State, Tex.Cr.App., 464 S.W.2d 838 and Chavarria v. State, Tex.Cr.App., 425 S.W.2d 822, in support of this ground of error.

The facts in this case are different from the two cases cited and require a different result.

A portion of the opinion in Chavarria v. State, supra, explains the facts in that case:

"Appellant filed a motion to suppress the evidence obtained at the time of his arrest on the ground that his arrest was without warrant and without probable cause, and the search of his person incident to such arrest was therefore illegal and all fruits of the search must be suppressed.

"After hearing the evidence adduced on the motion, the trial judge overruled it, whereupon *appellant's plea of not guilty was withdrawn, a plea of nolo contendere was entered, a jury waived and appellant entered into stipulations and testified, all with the understanding that he was not waiving but was preserving all of his rights to appeal the court's ruling on the motion to suppress.*

"*Before accepting the plea of nolo contendere the trial judge stated to appellant's trial counsel that he would not accept a plea of guilty 'because I do think there may be some merit in your motion and * * * nolo contendere would protect him on his motion to suppress. And, of course, if he wants to plead "nolo contendere" that still would retain any rights* he has on this constitutional question * * *.' " (Emphasis added.)

The circumstances in Killebrew v. State, supra, were as follows:

"When originally arraigned the *appellants entered pleas of not guilty.*

"Thereafter their attorney filed a motion to suppress the evidence alleging their arrest was without probable cause and that the search was illegal and the fruits of the search were inadmissible and should be suppressed.

"After hearing the evidence on the motion to suppress, the trial judge overruled the motion. Thereafter the appellants requested that the jury assess punishment upon any finding of guilt. See Article 37.07, Vernon's Ann.C.C.P. On the same date, however, *appellants' pleas of not guilty were withdrawn, a jury waived, and pleas of nolo contendere before the court were entered 'subject to' their exception to the court's ruling on the motion to suppress. It is clear that the pleas were entered with the understanding that appellants were not waiving but preserving their right to appeal the ruling on the motion to suppress.*

"*The stipulations subsequently entered were made with the same reservation and subject to the objection and exception made on the motion to suppress.* The objection was again overruled and the appellants were found guilty upon their pleas of nolo contendere.

" *     *     *     *     *     *

" *     *     *     *     *     *

"As in Chavarria v. State [Tex.Cr. App.], 425 S.W.2d 822, this court is confronted with the question of whether a trial court is authorized to accept pleas of nolo contendere under the conditions reflected by these records." (Emphasis added.)

In this case the appellant filed a motion to suppress the evidence on the grounds that the evidence was obtained by virtue of a warrantless arrest without probable cause and an unlawful search of appellant's person. Hearing on that motion was commenced on March 9, 1970, then continued to March 16, 1970. Evidence was heard, but the only indication of the court's action on said motion is the docket sheet entry, which reflects that it was denied on March 16, 1970.

On March 19, 1970, appellant waived a jury; entered a plea of guilty; he was admonished as to the consequences of his plea; the plea was accepted; the appellant was found guilty and judgment assessing his punishment at eight years was entered. An unverified motion for new trial was filed. It did not allege specific facts, but

alleged the conclusion of newly discovered evidence.

On June 29, 1970, the court entered an order granting the motion for new trial. On that same day, the appellant made application for probation, filed a motion for the jury to assess his punishment and entered a plea of nolo contendere. On that day, appellant again refiled his motion to suppress evidence. The record does not reflect that any additional evidence was heard on the motion; there was no agreement to consider the prior testimony and the only indication of the court's action on the motion is another docket entry showing the motion denied.

■ There was no agreement, no stipulation nor was it ever mentioned that appellant entered his plea of nolo contendere, subject to or in reliance upon his motion to suppress. We believe this distinguishes this case from Killebrew and Chavarria. In any event, the appellant was not here induced to change his plea from not guilty and he was properly admonished concerning his plea of nolo contendere. Appellant's remaining grounds of error will be discussed.

By three grounds of error, appellant complains that the marihuana introduced into evidence was obtained as a result of a warrantless arrest made without probable cause and an unlawful search of the person of the appellant. This ground of error is without merit.

■ The appellant's plea of nolo contendere has the same effect as a plea of guilty insofar as the criminal prosecution is concerned. Art. 27.02, Sec. 6, Vernon's Ann. C.C.P.; Killebrew v. State, supra; Chavarria v. State, supra; Martinez v. State, 170 Tex.Cr.R. 266, 340 S.W.2d 56. See also Rodriguez v. State, Tex.Cr.App., 442 S.W.2d 376; Fierro v. State, Tex.Cr.App., 437 S.W.2d 833; Bomar v. State, 172 Tex.Cr.R. 307, 356 S.W.2d 931; Aguillar v. State, 170 Tex.Cr.R. 189, 339 S.W.2d 898. Such a plea before a jury admits the existence of all facts necessary to establish guilt and constitutes a waiver of the appellant's complaint that the evidence was illegally obtained. See Andrade v. State, Tex.Cr.App., 470 S.W.2d 194; Durham v. State, Tex.Cr.App., 466 S.W.2d 758; Graham v. State, Tex.Cr.App., 466 S.W.2d 587; Griggs v. State, Tex.Cr.App., 451 S.W.2d 481 and Fierro v. State, Tex.Cr.App., 437 S.W.2d 833.

■ Appellant's only remaining ground of error is that he was erroneously denied the right to open and close argument on the question of punishment in the punishment phase of the trial. The appellant is not entitled to open and close the argument at the punishment stage of a bifurcated trial. The authority cited by appellant is not in point.

■ The holding of a bifurcated trial in this case was unusual. It is not necessary to have a two-stage proceeding when a defendant enters a plea of guilty or nolo contendere before a jury. If such pleas are entered before a jury, their function is to determine punishment only.

The judgment is affirmed.

Opinion approved by the Court.