**Nelrie Byrd CARROLL, Appellant,**

v.

**The STATE of Texas.**

**Nos. 935–97, 936–97.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 16, 1998.

Ronald Aultman, Fort Worth, for appellant.

Jeffrey Van Horn, First Asst. State's Atty, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

McCORMICK, Presiding Judge, delivered the opinion of the Court, joined by MANSFIELD, KELLER, PRICE, HOLLAND and WOMACK, Judges.

Appellant entered open pleas of guilty to two indictments charging delivery of marihuana. The trial court found appellant guilty and assessed punishment in each cause at five years' imprisonment and a $5,000.00 fine.

The Fort Worth Court of Appeals reversed each conviction and remanded each cause for a new sentencing hearing. The State filed a motion for rehearing in each cause. Subsequently, the Court of Appeals withdrew its previous opinion and judgments and issued a second opinion. That opinion again reversed each conviction and remanded each cause for a new sentencing hearing.

In conjunction with the open pleas, appellant executed and filed with the trial court a document entitled "Defendant's Written Waiver of Rights," which waived appellant's right not to incriminate herself and agreed to testify if called as a witness. Appellant also generally waived all rights of form, substance or procedure given her by law under Article 1.14 of the Texas Code of Criminal Procedure.

After the guilty pleas were accepted by the trial court, the causes were recessed for the preparation of a pre-sentence investigation. When the causes were reconvened for assessment of punishment the State called appellant as a witness. The trial court asked defense counsel if he would tender his client, to which defense counsel asked if he had to. The trial court advised defense counsel that if he did not tender his client that it was going to "reflect very seriously on the court's decisions." Appellant was then offered as a witness.

■ The Court of Appeals held that in this case, where appellant pled guilty to a felony in open court, appellant is entitled to a bifurcated trial made up of two separate phases, guilt-innocence and punishment. The Court

of Appeals then concluded that a waiver of the Fifth Amendment right not to self-incriminate at guilt-innocence does not extend to punishment. The Court of Appeals held that appellant's privilege against self-incrimination remained in full force and effect during the punishment phase of the proceeding. In its opinion, the Court of Appeals relied upon this Court's holdings in *Wilkens v. State*, 847 S.W.2d 547 (Tex.Cr.App.1992), *cert. denied*, 507 U.S. 1005, 113 S.Ct. 1646, 123 L.Ed.2d 268 (1993); *Beathard v. State*, 767 S.W.2d 423 (Tex.Cr.App.1989); and *Brumfield v. State*, 445 S.W.2d 732 (Tex.Cr.App.1969).

We find the reasoning behind the lower court of appeals' decision in this case is misplaced. In *Wilkens, Beathard,* and *Brumfield,* this Court held that a defendant has a separate Fifth Amendment privilege at punishment which is not waived by his decision to testify at guilt-innocence.

However, the case at bar can be factually distinguished from the cases relied upon by the Court of Appeals. In the instant case, appellant entered non-negotiated pleas of guilty to the felony offenses alleged in the indictment. In the cases cited by the Court of Appeals the defendant pled not guilty, but was convicted and assessed punishment by a jury in a separate punishment hearing.

■ This Court has previously held upon entering a plea of guilty in a non-capital felony case, a defendant is not entitled to a bifurcated trial. *Thom v. State*, 563 S.W.2d 618, 619 (Tex.Cr.App.1978). In fact, once the guilty plea is entered, the procedure becomes a "unitary trial" to determine the remaining issue of punishment. *Ricondo v. State*, 634 S.W.2d 837, 841 (Tex.Cr.App.1982)(opinion of Motion for Rehearing); *Frame v. State*, 615 S.W.2d 766 (Tex.Cr.App.1981).[1] Therefore, in a unitary trial where a defendant has pled guilty there exists no per se "punishment phase." In fact, unitization of the trial, where a defendant pleads guilty to a felony charge before a jury or judge, admits the existence of all facts necessary to establish

---

1. A unitary procedure is to be used regardless of whether the guilty plea is entered before a trial judge or a jury. *Frame v. State*, 615 S.W.2d 766, 767 (Tex.Cr.App.1981); *see also, Basaldua v. State*, 481 S.W.2d 851 (Tex.Cr.App.1972).

guilt and, in such cases, the introduction of testimony by the State is to enable the jury or judge intelligently to exercise discretion in the assessment of punishment. *Ex Parte Williams,* 703 S.W.2d 674 (Tex.Cr.App.1986), citing *Williams v. State,* 674 S.W.2d 315 (Tex.Cr.App.1984); *Brinson v. State,* 570 S.W.2d 937 (Tex.Cr.App.1978); *Brown v. State,* 507 S.W.2d 235 (Tex.Cr.App.1974); *Renesto v. State,* 452 S.W.2d 498 (Tex.Cr.App.1970); *Darden v. State,* 430 S.W.2d 494, 495 (Tex.Cr.App.1968). Since appellant openly pled to the offenses in the indictment she is not eligible for a bifurcated trial under *Wilkens, Beathard,* or *Brumfield,* but is instead subject to the rules of a unitary proceeding. Therefore, appellant's waiver extended to this proceeding.

Another distinction between the instant case and the cases relied upon by the Court of Appeals is that in this case appellant executed and filed with the trial court a document entitled "Defendant's Written Waiver of Rights," in which appellant waived her right not to incriminate herself and agreed to testify if called as a witness. In addition to the specific waiver of her Fifth Amendment privilege against self-incrimination, appellant also generally waived all rights of form, substance or procedure given her by law. Article 1.14, V.A.C.C.P. (1997). In *Wilkens, Beathard,* and *Brumfield,* the defendants did not file written waivers with the trial court.

Constitutionally protected rights may be waived if done so knowingly, voluntarily, and intelligently. *Brumfield v. State,* 445 S.W.2d at 735. In addition, this Court time and again has followed the classic definition of waiver: "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Robles v. State,* 577 S.W.2d 699 (Tex.Cr.App.1979). Applying these principles of law to the criminal prosecution in the instant case we can conclude that appellant chose to waive the rights secured her by law. Article 1.14, V.A.C.C.P. (1997). We have a document signed by appellant and appellant's defense counsel which was filed with the trial court specifically stating:

"10. Pursuant to Article 1.14 of the Texas Code of Criminal Procedure, I waive all rights of form, substance or procedure given me by law."

"11. I waive, in accordance with Articles 1.13 and 1.15, Texas Code of Criminal Procedure, my right to a jury trial on both guilt and punishment, to appearance, confrontation and cross-examination of witnesses and agree to oral and/or written stipulations of evidence."

"12. I waive my right not to incriminate myself, agree to testify if called as a witness and judicially confess under oath that each and every allegation contained in the indictment or information which is not waived by the State is true and I am guilty of the offense as charged."

Appellant's written waiver and the record before us persuade this Court to find that appellant intentionally relinquished her Fifth Amendment right not to self-incriminate. We can also conclude that there was an indication that this waiver was done knowingly, voluntarily, and intelligently. Therefore, appellant met the requirements of Articles 1.13, 1.14 and 1.15, V.A.C.C.P., for an effective waiver of her constitutional rights.

We find that the Fort Worth Court of Appeals erred in holding that a defendant who pleads guilty to a non-capital felony is entitled to a bifurcated trial. We simply reaffirm our previous holdings and conclude that in a non-capital felony case where a defendant pleads guilty either before a judge or jury the trial becomes "unitary." And as a result, there does not exist a separate punishment phase. Therefore, we hold that appellant's written waiver of her Fifth Amendment right not to self-incriminate applied to the entire criminal adjudication proceeding including the assessment of punishment. *Frame,* 615 S.W.2d at 766 (Once a guilty plea has been entered, trial is not to be bifurcated, but, rather, unitary procedure is to be used, regardless of whether the guilty plea is entered before a trial judge or a jury).

We reverse and remand this case in light of the reasons set forth in this opinion.

MEYERS, J., files a dissenting opinion, joined by BAIRD, J.

OVERSTREET, J., dissents.

MEYERS, Judge, dissenting.

The trial court erred in coercing appellant from rescinding the waiver of her right against self incrimination, and the Court of Appeals should be affirmed in so holding. The majority's resolution of this case is based upon a presumption that is belied in case after case. The majority also fails to address or distinguish recent caselaw holding that a waiver of constitutional rights may be rescinded.

At issue in this case is the effect of a written waiver of rights, executed by appellant in connection with her open pleas of guilty. The Court of Appeals reasoned, in part, that because the proceeding was bifurcated, consisting of both a guilt and punishment phase, the waiver was effective as to the guilt phase but did not extend to the punishment phase of the trial. *Carroll v. State,* 946 S.W.2d 879, 881–83 (Tex.App.—Fort Worth 1997).

The majority's holding is based upon its conclusion that the trial was a unitary, not bifurcated, proceeding:

We find that the Fort Worth Court of Appeals erred in holding that a defendant who pleads guilty to a non-capital felony is entitled to a bifurcated trial. We simply reaffirm our previous holdings and conclude that in a non-capital felony case where a defendant pleads guilty either before a judge or jury the trial becomes "unitary." And, as a result, there does not exist a separate punishment phase. Therefore, we hold that appellant's written waiver of her Fifth Amendment rightnot to self-incriminate applied to the entire criminal adjudication proceeding including the assessment of punishment.

*Majority opinion* at 632. Thus, the majority holds, the trial became unitary *automatically* upon appellant's plea of guilty.

But whether a proceeding is *actually* unitary or bifurcated depends upon the facts—that is, whether the trial court proceeded in a unitary or bifurcated manner—not upon the plea. It is true that this Court has interpreted our statutes as providing that a plea of guilty or nolo contendere calls for a unitary proceeding.[1] But the fact that appellant was not entitled to a bifurcated proceeding does not mean she did not (albeit erroneously) get one. *See* fn. 2, *supra.* Caselaw is loaded with examples of erroneously bifurcated trials following a plea of guilty or nolo contendere.[2] Such aberration is not revers-

1. *Duhart v. State,* 668 S.W.2d 384, 386 fn. 3 (Tex.Crim.App.1984)(article 37.07, insofar as it provides for bifurcated trials, does not apply to pleas of guilty before judge or jury); *Frame v. State,* 615 S.W.2d 766, 767 fn. 1 (Tex.Crim.App. 1981)(once guilty plea entered, unitary procedure should be used); *Ricondo v. State,* 634 S.W.2d 837, 842 (Tex.Crim.App.1981)(opinion on reh'g)(when defendant changed plea to guilty, proceedings should have become unitary); *Arismendez v. State,* 595 S.W.2d 535 (Tex.Crim.App. '1980)(guilty or nolo contendere plea proceedings should not be bifurcated); *Basaldua v. State,* 481 S.W.2d 851, 852–53 (Tex.Crim.App.1972)(proceedings on plea of guilty or nolo contendere have long been conducted as unitary trial and this remained unchanged by article 37.07); *Allen v. State,* 474 S.W.2d 480, 482 (Tex.Crim.App. 1972)(not necessary to have two-stage proceeding when defendant enters plea of guilty or nolo contendere); *Morales v. State,* 416 S.W.2d 403, 405 (Tex.Crim.App.1967)(defendant who pleads guilty is not entitled to separate punishment hearing under article 37.07); *Rojas v. State,* 404 S.W.2d 30, 34 (Tex.Crim.App.1966)(opinion on reh'g)(procedure for bifurcating trial provided for in article 37.07 is not applicable in case

where case submitted to jury on plea of guilty). In light of this caselaw, the Court of Appeals erred to the extent it held that proceedings pursuant to a guilty plea are or should be bifurcated.

2. *See, e.g., Ricondo,* 634 S.W.2d at 842 (when defendant changed plea to guilty, "the proceedings should have become unitary proceedings," however, the fact "that the proceeding was not so converted was irregular but does not in and of itself call for reversal"); *Mason v. State,* 604 S.W.2d 83, 89–90 (Tex.Crim.App.1979)(Clinton, J., dissenting)(criticizing procedure of trial court in part because "what the statutes fashion as a unitary trial on a plea of guilty was bifurcated" where plea hearing was held 3 months before hearing on pre-sentence investigation and even later pronouncement of sentence); *Arismendez,* 595 S.W.2d at 535 (defendant pled nolo contendere but proceeding on punishment was erroneously bifurcated from guilt); *Nunez v. State,* 565 S.W.2d 536, 539 (Tex.Crim.App.1978)(Onion, P.J., concurring)(noting proceeding was bifurcated where, despite defendant's plea of guilty, trial court recessed hearing after finding defendant guilty in order that pre-sentence investigation

ible error.[3] *Ricondo, supra; Frame, supra; Basaldua, supra.* Despite this caselaw, the majority holds that since appellant was not entitled to a bifurcated trial, she *necessarily* got a unitary one. This conclusion is not supported by a single case. The majority does not address the law in light of the facts of this trial.

Moreover, the State does not complain of the Court of Appeals' finding that the proceeding in this case was bifurcated. To the contrary, the State's grounds for review *assume* the proceeding *was* bifurcated:

1. Whether an unlimited waiver of one's right not to testify and an agreement to testify if called as a witness, executed in conjunction with a plea of guilty, applies to the entire proceeding, or only *to the guilt-innocence phase* of the proceeding.

2. Whether the court of appeals erred in holding that the trial court improperly coerced the appellant into testifying *at the punishment phase* of a plea proceeding.

(Emphasis added). The State argues that appellant's waiver was unlimited and was not specific as to the guilt phase only. The State points out that caselaw which holds that a waiver as to guilt does not extend to punishment, does not *prohibit* a waiver that applies to both phases.

Assuming arguendo the State's position is correct and a waiver may by its terms be so broad as to apply to both phases of trial, such waivers may be rescinded, even written waivers. In *Marquez v. State*, 921 S.W.2d 217 (Tex.Crim.App.1996), we held it was within the discretion of the trial court whether to permit a defendant to withdraw a previously executed jury waiver: "[W]e agree with the prevailing trend to permit withdrawal of the waiver so long as it is in good faith and there are no adverse consequences." *Id.* at 221–22. The majority specifically refuted my concurring opinion in which I expressed the view that once a right is waived, it is gone and is not there to be re-asserted:

In his concurring opinion, Judge Meyers contends that, once the right to jury trial is waived, the right no longer exists. That conclusion begs the question about the nature of the right to a jury trial. There are clearly some rights that may be reinvoked after waiver. For instance, an accused may reassert his right to silence in the face of custodial interrogation even if he has previously waived that right. Obviously, there are limitations to such a reassertion: the accused cannot "take back" a confession already given. But, police officers could not continue to interrogate an accused on the theory that, having waived his right to remain silent, it no longer exists. *The right to remain silent by its nature contains the right to reassert silence even*

---

report could be prepared); *Frame*, 615 S.W.2d at 767 fn. 1 (noting "trial judge incorrectly bifurcated the trial" following plea of guilty); *Bean v. State*, 563 S.W.2d 819, 821 (Tex.Crim.App.1978) (Onion, P.J., concurring)(referring to proceedings as bifurcated where, after finding defendant guilty pursuant to guilty plea, trial court recessed for several months in order to obtain presentence investigation reports); *Ring v. State*, 450 S.W.2d 85, 86–87 (Tex.Crim.App.1970)(noting "at the outset a somewhat unusual procedure was here employed [in] accord[ing appellant] a bifurcated trial at his request upon a plea of guilty"); *Allen*, 474 S.W.2d at 482 (noting "[t]he holding of a bifurcated trial in this [guilty plea] case was unusual"); *Thomas v. State*, 477 S.W.2d 881, 882 (Tex.Crim.App.1972)(where defendant entered plea of guilty and bifurcated trial held, we noted "this was unnecessary").

**3.** In cases where a bifurcated proceeding occurred following a plea of guilty or nolo contendere, we simply made note of the fact; we did

not attempt to declare it a unitary proceeding simply because it *should have* been, but was not:

Despite the fact that pleas of guilty in felony cases either before a judge or jury have always been unitary, some confusion has existed among the bench and bar since the advent of Article 37.07, V.A.C.C.P. Records reaching this court frequently show courts bifurcating bench trials where the plea is guilty. Often the court will hear evidence, declare the defendant guilty, order a pre-sentence investigation and sometimes months later re-convene the "penalty stage" of the guilty plea, allowing the State and defense to offer evidence as to punishment or guilt.

*Ricondo*, 634 S.W.2d at 842. Having based its holding on the premise that the proceeding was unitary (because appellant was not "entitled" to a bifurcated proceeding), the majority ought at least address and deal with the possibility that the proceeding may nonetheless have been bifurcated.

*after waiver.* The right to counsel at trial may also be reasserted after waiver. *United States v. Taylor*, 933 F.2d 307, 311 (5th Cir.), cert. denied, 502 U.S. 883, 112 S.Ct. 235, 116 L.Ed.2d 191 (1991). In Taylor, the defendant had waived his right to counsel during trial but was given standby counsel, who played a significant role in assisting the defendant. *Id.* After the guilty verdict, the defendant requested that he be represented by counsel at sentencing. *Id.* The district court denied the request "on the basis that [the defendant's] initial election to proceed pro se was valid and still effective." *Id.* The Fifth Circuit reversed, holding that the defendant had a right to withdraw his waiver of counsel although this right was not unqualified. *Id.* A defendant could not withdraw his waiver "in order to delay his trial or otherwise obstruct the orderly administration of justice." *Id.* But in Taylor, standby counsel could have stepped into the role of counsel without being inconvenienced and without delaying the proceedings. *Id.* Further, the trial court had delayed sentencing through no fault of the defendant. *Id.* Under these circumstances, the Fifth Circuit held that the trial court had abused its discretion in refusing to permit the defendant to withdraw his waiver at sentencing. *Id.* Likewise, the right to a jury trial is of such nature that it may be reasserted after waiver under limited circumstances. In making the analogy to the rights to silence and to counsel, we do not mean to set these rights up as a model for the reassertion of a constitutional right, nor do we mean to say that all constitutional rights may be reasserted. We merely illustrate that waiver of a right does not always extinguish the right, but may, instead, merely result in limitations upon the right's subsequent reassertion. *Id.* at 222 fn. 4 (emphasis added). Thus, even if appellant executed a general waiver of all of her rights as to the entire proceeding, she sought to revoke that waiver as to her right against self incrimination at punishment. Given that appellant had not yet testified at the punishment stage, her assertion of such right was apparently valid and would not have been disruptive, or caused much delay. But appellant was prevented from invoking her rights by the trial court. Even under the majority's incorrect reasoning that this trial was entirely unitary, previous case-law allows appellant to at least withdraw her waiver.

As to the State's second ground for review, I would affirm the Court of Appeals holding "that the trial court improperly coerced the appellant into testifying at the punishment phase of a plea proceeding."[4] *Carroll,* at 884; *see also Arcila v. State,* 834 S.W.2d 357 (Tex.Crim.App.1992). For these reasons, I dissent.

BAIRD and OVERSTREET, JJ., join.

---

4. While I agree with the judgment of the Court of Appeals, I don't agree with all of its reasoning.

*See* fn. 1, *supra.*