Affirmed and Opinion filed December 19, 2002











Affirmed and Opinion filed December 19, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-01056-CR

____________

 

CEDRIC LASALLE MCDONALD,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 262th District Court

Harris County, Texas

Trial
Court Cause No. 746,569

 



 

O
P I N I O N

Appellant,
Cedric Lasalle McDonald, appeals his conviction for
possession of cocaine in the amount of more than one gram and less than four
grams.  We affirm.








On
April 8, 1997, appellant entered a plea of guilty to the offense of possession
of cocaine and was placed on deferred adjudication for a period of six
years.  On September 11, 2001, appellant
pled true to a motion to adjudicate guilt and stipulated that he had used PCP
and cocaine while on community supervision and failed to perform community
service as directed.  He was sentenced to
five years= confinement and a $750.00 fine.  Included in the documents appellant filed
with the trial court is a signed and initialed statement wherein appellant
agreed to Awaive the right to have a court reporter record [his] plea of
guilty or nolo contendere
or true.@

In
appellant=s sole point of error, he claims he was denied a meaningful
record on appeal due to the court reporter=s failure to make a full record of the appellant=s
punishment hearing.  This argument lacks
merit.

Texas
courts are split on the duties of court reporters and the rules that properly
govern them.  The Thirteenth Court of
Appeals relies upon Texas Rule of Appellate Procedure 13.1(a), which requires a
court reporter to attend court sessions and make a full record of the
proceedings unless excused by agreement of the parties.  Mitten v. State, 79 S.W.3d 751 (Tex. App.CCorpus Christi 2002, pet. filed); Tanguma
v. State, 47 S.W.3d 663 (Tex. App.CCorpus Christi, 2001, pet. ref=d).  Under this approach,
appellant must expressly waive his right to have a reporter record the
proceeding.  In contrast, the First Court
of Appeals finds Texas Government Code section 52.046(a) properly governs the
use of court reporters.  Polasek v. State, 16 S.W.3d 82 (Tex. App.CHouston [1st Dist.] 2000, pet. ref=d) (holding that rule 13.1 is void because it modifies
substantive rights of litigants).  Under
52.046(a), the right to a court reporter must be implemented on a party=s
request.  Id. at 89.  We need not determine
which of these analyses is correct, as appellant fails under either.

There
is nothing in the record or in appellant=s brief to indicate that he requested a court reporter be
present pursuant to Texas Government Code section 52.046(a).  In the absence of a specific request by a
party, the court has no duty to provide an official court reporter for the
proceedings. 








In
the alternative, appellant executed a written waiver of his right to have a
court reporter transcribe the proceedings. 
Appellant argues, however, this waiver only applied to his plea and not
to the punishment phase.  Upon entering a
plea of guilty in a non-capital felony case, a defendant is not entitled to a
bifurcated trial.  Carroll
v. State, 975 S.W.2d 630, 631 (Tex. Crim. App.
1998); Thom v. State, 563 S.W.2d 618, 619 (Tex. Crim.
App. 1978).  Upon entering a
guilty plea, the procedure becomes a unitary trial to determine the remaining
issue of punishment.  Carroll,
975 S.W.2d at 631; Ricondo v. State,
634 S.W.2d 837, 841 (Tex. Crim. App. 1982).  In a unitary trial, where a defendant has
pled guilty, no separate punishment phase exists.  Carroll, 975 S.W.2d
at 631.  This also applies to
motions to adjudicate. State v. Kersh, 2
S.W.3d 636 (Tex. App.CHouston [14th Dist.]
1999, pet. granted) (holding the trial court erred in improperly bifurcating
issues of guilt and punishment at adjudication).  Therefore, appellant=s
waiver extended to the entire proceeding. 


We
overrule appellant=s sole point of error. 
The trial court=s judgment is affirmed.

 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered and Opinion filed
December 19, 2002.

Panel consists of Justices Yates,
Anderson, and Frost.

Do Not Publish C
Tex. R. App. P. 47.3(b).