NO. 07-05-0126-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 15, 2006
_____

RITA RENEE BURAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. 14444-0205; HONORABLE ED SELF, JUDGE
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

_____**MEMORANDUM OPINION**


Appellant, Rita Renee Bural, appeals her sentence of five years confinement in the Institutional Division of the Texas Department of Criminal Justice for the offense of Delivery of a Controlled Substance in an amount less than one gram.  We affirm the judgment as modified.

Background

In August 2002, appellant pled guilty to the offense of Delivery of a Controlled Substance in an amount less than one gram. As part of the plea proceedings, appellant signed a "Stipulation of Evidence" which included an admission of all the elements of the offense. Included in the stipulation was an admission to the enhancement paragraph that the offense was committed within 1,000 feet of a playground. Further, appellant signed an "Admonition of Rights," and was informed that the punishment range was that of a third degree felony. The trial court found that the evidence substantiated appellant's guilt but deferred further proceedings and placed appellant on community supervision for five years.

Subsequently, the State filed a Motion to Proceed with Adjudication, and later an Amended Motion to Proceed with Adjudication, contending that appellant had violated conditions of her community supervision. The trial court held a hearing on the State's amended motion in March of 2005. Prior to the hearing, appellant once again signed a "Stipulation of Evidence," this time consenting to the introduction of written affidavits, written statements, and other documentary evidence. Also contained in this stipulation, appellant admitted being "the same person named in the Judgment of Conviction (sic) in the above entitled and numbered cause; and that [she] was placed on Probation in the above entitled and number cause on August 19, 2002 . . . ." After hearing evidence and finding that appellant had violated her community supervision the trial court decided to proceed with adjudication stating that "based upon [her] prior plea of guilty and the evidence presented, [the trial court found her] guilty of the crime charged in the indictment." At the punishment stage of the proceeding, the State "reurged the evidence from the

2

adjudication portion of the trial" and rested. The trial court assessed punishment at five years confinement in the Institutional Division of the Texas Department of Criminal Justice.

By three issues, appellant contends that (1) the evidence presented during the punishment phase was insufficient to support a finding that the offense occurred within 1,000 feet of a playground; (2) the trial court erred in assessing punishment as a third degree felony without evidence of the offense being committed within a drug free zone; and (3) the trial court erred in assessing punishment as a third degree felony without making an affirmative finding that the offense was committed in a drug free zone. We affirm.

## Issue One and Two: Sufficiency of the Evidence

When reviewing the legal sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to see whether any rational fact-finder could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). During the original plea proceeding in 2002, the trial court accepted appellant's signed and sworn stipulation of evidence which included appellant's admission that the offense occurred within 1,000 feet of a playground.[1] Since appellant admitted to committing the offense in a drug free zone, the trial court admonished appellant as to the

---

[1] Under Texas Health and Safety Code section 481.134(b), the allegation of the commission of the delivery of a controlled substance within 1,000 feet of a playground is not an element of the offense, but an enhancement provision. See generally Young v. State, 14 S.W.3d 748, 750-53 (Tex.Crim.App. 2000). Thus the offense remains classified as a state jail felony. Id.

punishment range of a third degree felony.[2] TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (Vernon Supp. 2005). Although the trial court deferred further proceeding and placed appellant on community supervision, once the trial court decided to proceed to adjudication and made a determination of guilt, all proceedings including assessment of punishment were to proceed as if the adjudication had not been deferred. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp. 2005). Further, once defendant pled guilty to the offense, the proceedings became unitary, Carroll v. State, 975 S.W.2d 630, 631 (Tex.Crim.App. 1998), and a trial court's decision in a unitary trial does not become fixed until it renders judgment and punishment after all the evidence and argument has been heard. See Barfield v. State, 63 S.W.3d 446, 450, 451 n.18 (Tex.Crim.App. 2001). We conclude that appellant's plea of guilty to the offense and enhancement paragraph provided the trial court sufficient evidence to support a finding of all the facts alleged in the indictment, including the facts contained in the enhancement paragraph. See Fairfield v. State, 610 S.W.2d 771, 780 (Tex.Crim.App. 1981). The fact that the stipulation was admitted during the "adjudication phase" does not prohibit the court's consideration of the stipulation for punishment purposes.[3] TEX. R. EVID. 201(b)(2); See Turner v. State, 733 S.W.2d 218, 221 (Tex.Crim.App.1987) (court can take judicial notice of its own records). Therefore, appellant's stipulation of evidence is sufficient to establish that the offense occurred within 1,000 feet of a playground. Appellant's first issue is overruled.

---

[2] The State presented the enhancement paragraph within the indictment. See Brooks v. State, 957 S.W.2d 30, 34 (Tex.Crim.App. 1997).

[3] We would also note that because of the impression that the trial was "bifurcated," the State did "reurge the evidence from the adjudication portion of the trial," and thus presented the evidence, without objection, during the "punishment phase."

4

In our review of a trial judge's determination of the appropriate punishment in any given case, a great deal of discretion is allowed the sentencing judge. Jackson v. State, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984). A sentence within the proper range of punishment will not be disturbed on appeal if there was at least some evidence or facts available to the court upon which it could have relied in assessing punishment. See id. In the present case, the trial court had received appellant's stipulation as well as testimony about a previous motion to adjudicate in which appellant, after a hearing on that motion, was continued on community supervision with modified conditions. Having concluded that there was sufficient evidence that the offense occurred within 1,000 feet of a playground as addressed in the first issue, the court had at least some evidence or facts available upon which the court could have relied in assessing punishment. We conclude that the trial court did not err in sentencing appellant within the punishment range of a third degree felony. See TEX. HEALTH & SAFETY CODE ANN. § 481.134(b) (Vernon Supp. 2005). We overrule appellant's second issue.

Issue three: Affirmative finding

By appellant's final issue, she contends that the trial court erred in assessing her sentence as if it were a third degree felony because the trial court never made an affirmative finding that the offense was committed in a drug free zone. In this case, the court did make an affirmative finding when it ruled that appellant was "guilty of the crime charged in the indictment." See Ex parte Beck, 769 S.W.2d 525, 528 (Tex.Crim.App. 1989). Further evidence that the trial court intended, and that appellant understood that the court was making such a finding include: (1) the indictment alleged the commission of

5

the offense within a drug free zone, (2) appellant's stipulation admitted that the offense was committed in a drug free zone, (3) written admonishments stating a third degree punishment range, (4) the order deferring adjudication listed the offense as a third degree felony, and (5) the order adjudicating appellant guilty of the offense listed the offense as a third degree felony. We conclude that the trial court made an affirmative finding, and therefore, did not err in assessing appellant's sentence as a third degree felony. We overrule appellant's third issue.

## Conclusion

As an appellate court, we have the authority to reform a judgment to make the record speak the truth when the matter has been called to its attention by any source. TEX. R. APP. P. 43.2(b); French v. State, 830 S.W.2d 607, 609 (Tex.Crim.App. 1992). In this case, it is clear that the State was proceeding under Texas Heath & Safety Code section 481.134(b), and that appellant was indicted for a state jail felony enhanced to a third degree felony punishment. However, the judgment reflects that appellant was convicted of a third degree felony.[4] Accordingly, we modify the trial court's judgment to find appellant guilty of the offense of delivery of a controlled substance, penalty group 1, in an amount less than one gram, a state jail felony. We further modify the trial court's judgment to include an affirmative finding that the offense was committed within a drug free zone as

---

[4] The only alleged drug free zone was a playground. In order for the offense to actually become a third degree felony, the drug free zone alleged would have been 1,000 feet of real property owned, rented, or leased to a school, school board, or the premises of a public or private youth center, or on a school bus. See TEX. HEALTH & SAFETY CODE ANN. § 481.134(d) (Vernon Supp. 2005); See also Young, 14 S.W.3d at 748.

6

described in Texas Health & Safety Code section 481.134(b), making the offense punishable as a third degree felony.

We affirm the judgment, as modified.


Mackey K. Hancock
Justice



Do not publish.