NO. 07-07-0247-CR


NO. 07-07-0248-CR


NO. 07-07-0249-CR


NO. 07-07-0250-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JULY 6, 2007



______________________________




BETTY JO LEONARD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NOS. 54,855-D; 55,454-D; 55,498-D; 55,604-D; HONORABLE DON EMERSON, JUDGE


_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Pending before this Court are Appellant Betty Joe Leonard's motions to dismiss the
above referenced appeals. As required by Rule 42.2(a) of the Texas Rules of Appellate
Procedure, the motions are signed by Appellant and her attorney. No decisions of this
Court having been delivered, the motions are granted and the appeals are dismissed. No
motions for rehearing will be entertained and our mandates will issue forthwith.

 Accordingly, the appeals are dismissed.

 Patrick A. Pirtle

 Justice




Do not publish.



on of Rights," and was informed that the punishment range was that of a third
degree felony. The trial court found that the evidence substantiated appellant's guilt but
deferred further proceedings and placed appellant on community supervision for five years. 

 Subsequently, the State filed a Motion to Proceed with Adjudication, and later an
Amended Motion to Proceed with Adjudication, contending that appellant had violated
conditions of her community supervision. The trial court held a hearing on the State's
amended motion in March of 2005. Prior to the hearing, appellant once again signed a
"Stipulation of Evidence," this time consenting to the introduction of written affidavits,
written statements, and other documentary evidence. Also contained in this stipulation,
appellant admitted being "the same person named in the Judgment of Conviction (sic) in
the above entitled and numbered cause; and that [she] was placed on Probation in the
above entitled and number cause on August 19, 2002 . . . ." After hearing evidence and
finding that appellant had violated her community supervision the trial court decided to
proceed with adjudication stating that "based upon [her] prior plea of guilty and the
evidence presented, [the trial court found her] guilty of the crime charged in the indictment." 
At the punishment stage of the proceeding, the State "reurged the evidence from the
adjudication portion of the trial" and rested. The trial court assessed punishment at five
years confinement in the Institutional Division of the Texas Department of Criminal Justice.

 By three issues, appellant contends that (1) the evidence presented during the
punishment phase was insufficient to support a finding that the offense occurred within
1,000 feet of a playground; (2) the trial court erred in assessing punishment as a third
degree felony without evidence of the offense being committed within a drug free zone;
and (3) the trial court erred in assessing punishment as a third degree felony without
making an affirmative finding that the offense was committed in a drug free zone. We
affirm.

Issue One and Two: Sufficiency of the Evidence

 When reviewing the legal sufficiency of the evidence, we view all the evidence in the
light most favorable to the verdict to see whether any rational fact-finder could find the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Moreno v. State, 755 S.W.2d 866, 867
(Tex.Crim.App. 1988). During the original plea proceeding in 2002, the trial court accepted
appellant's signed and sworn stipulation of evidence which included appellant's admission
that the offense occurred within 1,000 feet of a playground. (1) Since appellant admitted to
committing the offense in a drug free zone, the trial court admonished appellant as to the
punishment range of a third degree felony. (2) Tex. Code Crim. Proc. Ann. art. 26.13(a)(1)
(Vernon Supp. 2005). Although the trial court deferred further proceeding and placed
appellant on community supervision, once the trial court decided to proceed to adjudication
and made a determination of guilt, all proceedings including assessment of punishment
were to proceed as if the adjudication had not been deferred. Tex. Code Crim. Proc. Ann.
art. 42.12 § 5(b) (Vernon Supp. 2005). Further, once defendant pled guilty to the offense,
the proceedings became unitary, Carroll v. State, 975 S.W.2d 630, 631 (Tex.Crim.App.
1998), and a trial court's decision in a unitary trial does not become fixed until it renders
judgment and punishment after all the evidence and argument has been heard. See
Barfield v. State, 63 S.W.3d 446, 450, 451 n.18 (Tex.Crim.App. 2001). We conclude that 
appellant's plea of guilty to the offense and enhancement paragraph provided the trial court
sufficient evidence to support a finding of all the facts alleged in the indictment, including
the facts contained in the enhancement paragraph. See Fairfield v. State, 610 S.W.2d
771, 780 (Tex.Crim.App. 1981). The fact that the stipulation was admitted during the
"adjudication phase" does not prohibit the court's consideration of the stipulation for
punishment purposes. (3) Tex. R. Evid. 201(b)(2); See Turner v. State, 733 S.W.2d 218, 221
(Tex.Crim.App.1987) (court can take judicial notice of its own records). Therefore,
appellant's stipulation of evidence is sufficient to establish that the offense occurred within
1,000 feet of a playground. Appellant's first issue is overruled.

 In our review of a trial judge's determination of the appropriate punishment in any
given case, a great deal of discretion is allowed the sentencing judge. Jackson v. State,
680 S.W.2d 809, 814 (Tex.Crim.App. 1984). A sentence within the proper range of
punishment will not be disturbed on appeal if there was at least some evidence or facts
available to the court upon which it could have relied in assessing punishment. See id. 
In the present case, the trial court had received appellant's stipulation as well as testimony
about a previous motion to adjudicate in which appellant, after a hearing on that motion,
was continued on community supervision with modified conditions. Having concluded that
there was sufficient evidence that the offense occurred within 1,000 feet of a playground
as addressed in the first issue, the court had at least some evidence or facts available
upon which the court could have relied in assessing punishment. We conclude that the
trial court did not err in sentencing appellant within the punishment range of a third degree
felony. See Tex. Health & Safety Code Ann. § 481.134(b) (Vernon Supp. 2005). We
overrule appellant's second issue.

Issue three: Affirmative finding 

 By appellant's final issue, she contends that the trial court erred in assessing her
sentence as if it were a third degree felony because the trial court never made an
affirmative finding that the offense was committed in a drug free zone. In this case, the
court did make an affirmative finding when it ruled that appellant was "guilty of the crime
charged in the indictment." See Ex parte Beck, 769 S.W.2d 525, 528 (Tex.Crim.App.
1989). Further evidence that the trial court intended, and that appellant understood that
the court was making such a finding include: (1) the indictment alleged the commission of
the offense within a drug free zone, (2) appellant's stipulation admitted that the offense was
committed in a drug free zone, (3) written admonishments stating a third degree
punishment range, (4) the order deferring adjudication listed the offense as a third degree
felony, and (5) the order adjudicating appellant guilty of the offense listed the offense as
a third degree felony. We conclude that the trial court made an affirmative finding, and
therefore, did not err in assessing appellant's sentence as a third degree felony. We
overrule appellant's third issue.

Conclusion

 As an appellate court, we have the authority to reform a judgment to make the
record speak the truth when the matter has been called to its attention by any source. 
Tex. R. App. P. 43.2(b); French v. State, 830 S.W.2d 607, 609 (Tex.Crim.App. 1992). In
this case, it is clear that the State was proceeding under Texas Heath & Safety Code
section 481.134(b), and that appellant was indicted for a state jail felony enhanced to a
third degree felony punishment. However, the judgment reflects that appellant was 
convicted of a third degree felony. (4) Accordingly, we modify the trial court's judgment to find
appellant guilty of the offense of delivery of a controlled substance, penalty group 1, in an
amount less than one gram, a state jail felony. We further modify the trial court's judgment
to include an affirmative finding that the offense was committed within a drug free zone as
described in Texas Health & Safety Code section 481.134(b), making the offense
punishable as a third degree felony.

 We affirm the judgment, as modified.
 

 Mackey K. Hancock

 Justice







Do not publish. 






 
1. Under Texas Health and Safety Code section 481.134(b), the allegation of the
commission of the delivery of a controlled substance within 1,000 feet of a playground is
not an element of the offense, but an enhancement provision. See generally Young v.
State, 14 S.W.3d 748, 750-53 (Tex.Crim.App. 2000). Thus the offense remains classified
as a state jail felony. Id. 
2. The State presented the enhancement paragraph within the indictment. See
Brooks v. State, 957 S.W.2d 30, 34 (Tex.Crim.App. 1997).
3. We would also note that because of the impression that the trial was "bifurcated,"
the State did "reurge the evidence from the adjudication portion of the trial," and thus
presented the evidence, without objection, during the "punishment phase."
4. The only alleged drug free zone was a playground. In order for the offense to
actually become a third degree felony, the drug free zone alleged would have been 1,000
feet of real property owned, rented, or leased to a school, school board, or the premises
of a public or private youth center, or on a school bus. See Tex. Health & Safety Code
Ann. § 481.134(d) (Vernon Supp. 2005); See also Young, 14 S.W.3d at 748.