NO. 07-06-0461-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 14, 2008
______________________________

MICHAEL S. GRIFFIN, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2006-411,521; HON. CECIL G. PURYEAR, PRESIDING
_______________________________

Opinion
________________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Michael S. Griffin challenges his conviction for aggravated assault with a deadly
weapon. The conviction arose from his plea of guilty after trial began. Though the plea
was made against the advice of counsel and after receiving the appropriate judicial
admonishments, appellant now contends that he was denied due process when the trial
court thereafter instructed the jury to find him guilty. So too does he allege that the
evidence was insufficient to find him guilty based on the charge to the jury. We overrule
the issues and affirm the judgment. 
          Both of the issues raised by appellant result from the procedure used by the trial
court after appellant changed his plea. He initially pled not guilty to assaulting his wife. 
However, after she testified to the assault during the guilt phase of the proceedings,
appellant informed the court that he wished to plead guilty. The State refused to waive a
jury trial though there was no longer any need to proceed with a jury.


 Given this
predicament, the court informed them that the jury would be instructed to return a verdict
of guilty. Neither party objected to the procedure or the charge, and the court so instructed
the jury. The trial court then admonished appellant as to his rights, and appellant entered
a guilty plea and judicially confessed to the allegations in the indictment in open court. As
expected, the jury found him guilty. 
          Appellant now questions the procedure utilized by the trial court. It purportedly
denied him due process because the jury was denied the opportunity to independently
determine his guilt. Aside from the fact that appellant invited that about which he
complains and then withheld objection, we note that once an appellant pleads guilty, the
proceeding becomes unitary in nature. Carroll v. State, 975 S.W.2d 630, 631-32 (Tex.
Crim. App. 1998). And, since “there remains no issue of guilt to be determined, it is proper
for the trial judge in his charge to instruct the jury to return a verdict of guilty” and then
charge only on punishment. Holland v. State, 761 S.W.2d 307, 313 (Tex. Crim. App.
1988). Under the scenario before us, there was no need to charge on punishment
because appellant opted to have the trial court decide that issue. So, in effect, the trial
court did that which has been recognized as correct, i.e. instruct the jury to return a guilty
verdict. 
          As for the argument that the evidence did not support the conviction, appellant
judicially confessed (in open court) to the allegations contained in the indictment. This
confession expressly encompassed not only the crime of aggravated assault but also the
fact that he used a deadly weapon during the ordeal. Thus, the verdict finds more than
ample evidentiary support. 
          Appellant’s issues are overruled, and the judgment is affirmed. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Publish.