Motion for Rehearing Overruled, Affirmed
and Substitute Memorandum Opinion filed December 23, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00544-CR



Mathew Louis
Barrera, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 434th District Court

Fort Bend County, Texas

Trial Court
Cause No. 49591



 

SUBSTITUTE MEMORANDUM OPINION


We overrule appellant’s motion for rehearing,
withdraw our opinion of November 23, 2010, and issue this substitute memorandum
opinion on rehearing.  Appellant Matthew Louis Barrera challenges the
sufficiency of the evidence to support his conviction for intoxicated
manslaughter.  He further asserts that the trial court erred in refusing to accept
his plea of “true” to the deadly weapon allegation[1] and was
thus precluded from making such a finding because use of a deadly weapon is not
an element of intoxicated manslaughter with a motor vehicle and because insufficient
evidence supports the finding.  We affirm.

BACKGROUND

            Appellant pleaded
guilty as charged in the indictment in open court without an agreed
recommendation on punishment.  The indictment provided:

MATHEW LOUIS BARRERA, hereafter styled the Defendant,
heretofore on or about December 03, 2007, did then and there operate a motor
vehicle while intoxicated by not having the normal use of his mental or
physical faculties by reason of the introduction of alcohol into the body, or
by having an alcohol concentration of at least 0.08, and did then and there by
reason of such intoxication cause the death of another, namely, James Warren,
by accident or mistake, to wit: driving said motor vehicle into James Warren
and/or a motorcycle operated by James Warren.

It is further presented that the said defendant did then
and there use or exhibit a deadly weapon during the commission of said offense,
to wit: a 2007 Chevrolet Cobalt automobile in conjunction with the consumption
of alcohol and operation of said Cobalt automobile, that in the manner of its
use and intended use was capable of causing serious bodily injury or death.

After he pleaded guilty, he
waived any errors relating to guilt or innocence; in fact, he twice acknowledged
that by pleading guilty, he understood he was waiving any errors regarding
guilt or innocence.  He also pleaded true to the deadly weapon allegation.  He
again acknowledged that he understood he was waiving any right to appeal that plea.
 The trial court accepted his plea and proceeded with a unitary jury trial on
punishment.[2] 
Several witnesses testified that appellant was driving while intoxicated and
caused the death of the decedent.  Appellant took the stand and acknowledged
his guilt before the jury.  After being instructed by the trial court to find
him guilty as charged in the indictment and to make a finding of “true” to the
deadly weapon allegation, the jury did so and sentenced him to twenty years’ imprisonment
and a $10,000 fine.  The trial court entered the judgment accordingly, and this
appeal timely followed.

ANALYSIS

            Appellant (a) challenges
the sufficiency of the evidence to support his conviction and (b) complains
that the trial court’s refusal to accept a plea on a deadly weapon allegation (that
it actually accepted) precluded it from making this finding because use of a
deadly weapon is not an element of the offense and insufficient evidence
supports the finding.[3] 
But, as noted above, appellant pleaded “guilty” to the trial court and pleaded
“true” to the deadly weapon allegation.  In a unitary proceeding, as occurred
here, a guilty plea before a jury or judge is conclusive as to the defendant’s
guilt.  Carroll v. State, 975 S.W.2d 630, 631–32 (Tex. Crim. App. 1998)
(en banc).  Further, appellant’s judicial confession is sufficient evidence to
show that he used a deadly weapon, and the record need not otherwise provide
proof.  Keller v. State, 125 S.W.3d 600, 605 (Tex. App.—Houston [1st
Dist.] 2003, pet. dism’d).

Moreover, in a unitary proceeding, evidence submitted
for punishment may substitute for or supplement evidence submitted in support
of the guilty plea.  See Barfield v. State, 63 S.W.3d 446, 450–51 (Tex.
Crim. App. 2001) (en banc).  As described above, numerous witnesses testified
that appellant was driving while intoxicated when he ran over the decedent. 
Appellant explained that his intoxicated driving caused the death of the
decedent.  Additionally, Trooper Devon Wiles, with the Texas Department of
Public Safety, testified that, in conjunction with appellant’s alcohol
consumption, appellant used his motor vehicle as a deadly weapon.  This
evidence supplemented and supported appellant’s guilty plea and plea of “true”
to the deadly weapon allegation.  See id.  Accordingly, we conclude that
there is more than sufficient evidence to support both appellant’s conviction
and the deadly weapon finding.  We thus overrule appellant’s issues.








For the foregoing reasons, we affirm the trial
court’s judgment.

 

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

Panel
consists of Chief Justice Hedges, Justice Yates, and Senior Justice Mirabal.*

 

Do
Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
Perhaps appellant intended to assert that the trial court erred in not
refusing to accept his plea of “true,” because, as noted infra, the
trial court actually did accept appellant’s plea.  Regardless of what appellant
meant by this rather confusing issue, however, our disposition of his appeal
remains the same.





[2]
See Carroll v. State, 975 S.W.2d 630, 631 (Tex. Crim. App. 1998) (en
banc)..





[3]
As noted above, the jury made the deadly weapon finding after being instructed
to do so by the trial court.





* Senior Justice Margaret Garner Mirabal
sitting by assignment.