Charles Duane **MAYO**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 06–12–00009–CR.

Court of Appeals of Texas, Texarkana.

Submitted: June 15, 2012.

Decided: June 19, 2012.

Toby C. Wilkinson, Greenville, for appellant.

Noble D. Walker, Jr., Hunt County Dist. Atty., Greenville, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

Charles Duane Mayo, Jr., appeals from his conviction on his open plea of guilty to the first degree felony offense of injury to a child with the use of a deadly weapon. TEX. PENAL CODE ANN. § 22.04(e) (West Supp.2011). The trial court sentenced Mayo to sixty years' imprisonment.

From the record, it is clear that Mayo and the State had an extensive agreement in this case, part of which included the State dismissing other charges upon Mayo entering an open plea of guilty and waiving his right to appeal the adjudication of guilt. While an agreement was entered by the State and Mayo, there was not an agreement by the parties as to the punishment, instead that was to be set solely by the trial court. This agreement does not meet the definition of a "plea bargain" as expressed by the Texas Rules of Appellate Procedure, in which a defendant has limited appeal rights. TEX.R.APP. P. 25.2(a)(2).

The trial court is required to certify the defendant's appellate rights. TEX.R.APP. P. 25.2(d). Here, the trial court attempted to properly certify that Mayo only had the right to appeal the punishment sentence, but the form promulgated for this purpose does not have an option correctly expressing what occurred here. Mayo agreed to waive his right to appeal the determination of guilt and was granted consideration (dismissal of other charges) for such waiver. He then entered an open plea of guilty to the trial court without waiver of the punishment issue as determined by the trial court. To properly explain what occurred in this case, and will likely occur again, we recommend that the trial court check the box on the current certification form that states—"the defendant has waived the right of appeal" and add "as to determination of guilt." Further, we would recommend that the Texas Court of Criminal Appeals consider adding such a statement on the form so the trial judges can correctly express the appellate rights in this situation.

A valid pretrial waiver of the right of appeal is proper when the State has given adequate consideration for the waiver. *Ex parte Broadway*, 301 S.W.3d 694, 697–98 (Tex.Crim.App.2009). Here, the State agreed to dismiss several charges in return for the partial waiver. The waiver of appeal as to the determination of guilt is now properly shown in the record.

Thus, we review only the punishment portion of this proceeding.[1] Mayo's attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail, providing possible issues, but explaining why they cannot succeed. Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. This meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App.1991); and *High v. State*, 573 S.W.2d 807 (Tex.Crim.App. [Panel Op.] 1978).

Counsel mailed a copy of the brief and a letter to Mayo on February 16, 2012, in-

---

1. When a defendant pleads guilty in a noncapital proceeding, the procedure becomes a "unitary trial" to determine the remaining issue of punishment, *Carroll v. State*, 975 S.W.2d 630, 631 (Tex.Crim.App.1998), thus, there is no bifurcation or separate punishment phase. Nevertheless, it is apparent from this record that proceedings were conducted on two separate dates, one to accept the guilty plea, and the second to address punishment.

forming Mayo of his right to file a pro se response and of his right to review the record. Mayo filed a motion for production and supplementation of the record; even if that motion is considered as his brief, after reviewing it, we find only conclusory statements that do not raise any arguable issues for our review. Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and find no genuinely arguable issue. *See Halbert v. Michigan,* 545 U.S. 605, 623, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005). We, therefore, agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 826–27 (Tex.Crim.App. 2005).

We affirm the judgment of the trial court.[2]

---

2. Since we agree this case presents no reversible error, we also, in accordance with *Anders,* grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* Tex.R.App. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* Tex.R.App. P. 68.3 (amended by the Texas Court of Criminal Appeals Misc. Docket No. 11–104, effective Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* Tex.R.App. P. 68.4.