

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-15-00045-CR

DAVID ANDREW SIMON                                              APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR11918

----------

## MEMORANDUM OPINION[1]

----------

In two points, David Andrew Simon challenges the trial court's judgment adjudicating him guilty of possession of more than four ounces of marijuana and sentencing him to twenty months' confinement in a state jail facility. We affirm.

In his first point, appellant contends that his sentence is grossly disproportionate to the violations of his deferred adjudication community

---

[1]*See* Tex. R. App. P. 47.4.

supervision: (1) committing the class C misdemeanor of failing to notify the owner of property after being involved in an accident that caused damage to that owner's fixture or landscaping[2] and (2) failing to abstain from alcohol use. *See* Tex. Transp. Code Ann. § 550.025 (West Supp. 2014). But appellant did not object to his sentence when it was imposed, nor did he file a motion for new trial or other post-trial motion objecting to it. Thus, appellant failed to preserve this complaint for appeal. *See, e.g.*, *Pollock v. State*, 405 S.W.3d 396, 405–06 (Tex. App.—Fort Worth 2013, no pet.); *see also Burt v. State*, 396 S.W.3d 574, 577 (Tex. Crim. App. 2013) ("A sentencing issue may be preserved by objecting at the punishment hearing, or when the sentence is pronounced."). We overrule his first point.

In his second point, appellant challenges the sufficiency of the evidence to prove that he violated a condition of his community supervision "in any significant way." The thrust of appellant's argument is that the violations of his community supervision were so minor, and emanated from mere lapses of judgment rather than intentional wrongdoing, that it was unfair to revoke his community supervision and sentence him to jail time. But appellant pled true to the allegations in the State's petition to adjudicate. A plea of true to any one allegation, standing alone, is sufficient to support the revocation of community supervision and adjudicate guilt. *Tapia v. State*, 462 S.W.3d 29, 31 n.2 (Tex.

---

[2]Appellant hit a tree.

2

Crim. App. 2015); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

Appellant contends in his brief that he did not actually plead true to the allegations in the State's petition to adjudicate because (1) he did not initial all of the options in the "Waiver of Hearing Upon the State's Motion to Revoke Probation or to Proceed to Adjudication and Plea of True" that he signed on the day of trial and instead wrote in "N/A" for some of them and (2) even though he answered yes when the trial judge asked him if he understood the State's allegations and was pleading true to all of them, he contends that he, "his counsel[,] and the judge apparently understood that [he] was *contesting* all of the allegations . . . because the hearing proceeded as a contested, evidentiary hearing." [Emphasis added.]

In the waiver he signed, appellant initialed the plea of true section as follows: "I have been duly served with a copy of the State's Motion to Revoke Probation or to Proceed to Adjudication in this cause, fully understand the allegations therein, and after duly considering the same, do hereby stipulate that all of the allegations contained therein are true except: [the following is handwritten] NONE." Additionally, the trial court's docket sheet indicates that appellant pled true. That the trial court proceeded to hear evidence does not contradict the other indications that appellant pled true to the State's allegations. When, as in this case, a defendant enters a plea of true at an adjudication hearing, the proceeding becomes a unitary proceeding to determine the

3

remaining issue of punishment. *Tapia*, 462 S.W.3d at 31 n.2; *Carroll v. State,* 975 S.W.2d 630, 631–32 (Tex. Crim. App. 1998). Thus, we conclude and hold that the record shows that appellant pled true to the allegations in the State's petition.

Moreover, appellant's community supervision officer, appellant's mother, and appellant all testified that appellant had drunk alcohol on two occasions with his parents.[3] The trial court may revoke deferred adjudication community supervision when a preponderance of the evidence supports only one of the State's allegations so long as the defendant was afforded due process. *Leonard v. State*, 385 S.W.3d 570, 576–77 (Tex. Crim. App. 2012) (op. on reh'g); *Nurridin v. State*, 154 S.W.3d 920, 924 (Tex. App.—Dallas 2005, no pet.) ("Courts may revoke community supervision for a violation of any condition, including violations of any single 'technical' condition."); *see also Tapia*, 462 S.W.3d at 41–42 (listing minimum requirements of due process that must be observed in community supervision revocation hearings).

Accordingly, we conclude and hold that the trial court did not abuse its discretion by revoking appellant's deferred adjudication community supervision. We overrule appellant's second point.

---

[3]His community supervision officer also testified that appellant tested positive for alcohol use the morning after he was arrested for the accident that precipitated the transportation code offense alleged by the State.

Having overruled both of appellant's points, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 29, 2015